**UNITED STATES of America, Appellee,**

v.

**Leonardo Ernie YBABEZ, Jr., aka, Chico Ybabez, Appellant.**

**No. 90–5024.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 13, 1990.

Decided Nov. 23, 1990.

---

Alan J. Sheppard, Fargo, N.D., for appellant.

Gary Annear, Fargo, N.D., for appellee.

Before LAY, Chief Judge, FAGG, Circuit Judge, and LARSON,* Senior District Judge.

PER CURIAM.

Leonardo Ybabez appeals the district court's[1] imposition of sentence on his conviction for conspiracy to distribute and possess cocaine HC1 and marijuana in violation of 21 U.S.C. § 846 (1988). Ybabez pled guilty and was sentenced to 150 months. On appeal he argues the district court erred in not making a more substantial downward departure in light of the information he provided authorities. Ybabez also argues that the career offender provi-

sion of the United States Sentencing Guidelines, under which he was sentenced, discriminates against his socioeconomic class, is fundamentally unfair, violates the equal protection clause, and constitutes cruel and unusual punishment. We affirm.

Ybabez pled guilty on October 16, 1989 to conspiracy to distribute and possess cocaine HC1 and marijuana. He negotiated a plea agreement in which he agreed to plead guilty and cooperate with authorities in return for the prosecution's recommendation of a sentence between 120 and 150 months. The government and Ybabez stipulated they believed Ybabez's proper offense level under the sentencing guidelines was 32. Ybabez apparently provided authorities useful information concerning the source of drug supply.

At the sentencing hearing the district court determined Ybabez was a career offender under U.S.S.G. § 4B1.1, mandating a criminal history category of VI. Because the statutory maximum for Ybabez's conviction was more than 25 years, the court set the base level at 34. *See* U.S.S.G. § 4B1.1. This career offender level was higher than the level Ybabez would otherwise receive, so the court applied the career offender level. *Id.* The court then gave Ybabez a two point reduction for acceptance of responsibility.

Given the base level of 32 and criminal history of VI, the guidelines dictated a sentencing range of 210 to 262 months imprisonment with 4–5 years probation and a fine between $17,500 and $2 million. Pursuant to the plea agreement, the government recommended a downward departure to 150 months, based on Ybabez's cooperation, age, and role as more of a user/distributor than a distributor. The court stated it intended to impose a sentence of 240 months, but granted a downward departure of 90 months and sentenced Ybabez to 150 months with 4 years probation and no fine or restitution.

---

* The HONORABLE EARL R. LARSON, Senior United States District Judge for the District of Minnesota, sitting by designation.

1. The Honorable Rodney S. Webb, United States District Judge for the District of North Dakota.

Ybabez first argues the court was unreasonable in failing to make more of a downward departure. He contends a larger departure of 180 months is mandated in light of his substantial assistance to the government, his failure to profit substantially from his drug dealings, and the prospect that he will be more than sixty years old at the time of his release under the current sentence. We find the district court considered these factors in determining the sentence. The district court's sentencing decision is discretionary, and we recently determined we may not review the extent of the departure on a defendant's motion when the district court has granted a downward departure. *United States v. Left Hand Bull*, 901 F.2d 647, 650 (8th Cir.1990); *United States v. Evidente*, 894 F.2d 1000, 1003 (8th Cir.), *cert. denied,* —— U.S. ——, 110 S.Ct. 1956, 109 L.Ed.2d 318 (1990).

Ybabez next contends that the career offender provision violates 28 U.S.C. § 994(d) (1988), which requires the sentencing guidelines to be neutral with regard to the socioeconomic status of offenders. Ybabez argues that career offenders constitute a socioeconomic class in that they "have particular values and particular modes of conduct that place them outside the mainstream of American society and right into a separate socioeconomic status." *Appellant's Brief* at 6. This claim was not raised before the district court and thus will not be considered here unless a clear miscarriage of justice otherwise would result. *United States v. Tibesar*, 894 F.2d 317, 319 (8th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 79, 112 L.Ed.2d 52 (1990). Ybabez entered a plea agreement to obtain the government's recommendation of a sentence between 120 and 150 months. He received a sentence within that range. We do not discern a miscarriage of justice when a defendant receives the sentence he bargained for in a plea agreement.

Finally, Ybabez argues his sentence is invalid because the career offender provisions of the guidelines are fundamentally unfair, violate the equal protection clause, and constitute cruel and unusual punishment. Like Ybabez's other challenge to the career offender provisions, this claim was not raised before the district court, and we do not find any likelihood of a miscarriage of justice. Thus, we do not consider this issue. *Id.*

The district court's sentence is affirmed.