UNITED STATES of America, Appellee,

v.

Jeffrey J. ALBERS, Appellant.

UNITED STATES of America, Appellee,

v.

Patricia L. ALBERS, Appellant.

Nos. 91–2923, 91–2924.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 10, 1992.

Decided April 7, 1992.

Peter Blakeslee, Lincoln, Neb., argued, for appellant Jeffrey Albers.

Calvin Hansen, Lincoln, Neb., argued, for appellant Patricia Albers.

Bruce Gillan, Asst. U.S. Atty., Lincoln, Neb., argued, for appellee.

Before ARNOLD, Chief Judge, MAGILL, Circuit Judge, and LARSON,[*] Senior District Judge.

LARSON, Senior District Judge.

Jeffrey and Patricia Albers pled guilty to conspiracy to distribute cocaine and marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and to money laundering, in violation of 18 U.S.C. § 1956, and were sentenced to 70 months and 18 months imprisonment, respectively. The district court[1] departed downward from the guideline range for each defendant's substantial cooperation. On appeal, the Alberses argue that the sentences are so disparate from those imposed upon their co-conspirators that the court abused its discretion in not departing even further from the range. We affirm the judgment of the district court.

## I.

On August 9, 1991, the Alberses appeared for sentencing. The district court determined the appropriate guideline ranges based upon the presentence reports; neither Albers made objections to the reports, to the court's tentative findings, or at the sentencing hearings.

Jeffrey Albers was assigned a base offense level of 30 on the conspiracy charge, with a four level enhancement because he was determined to be a leader and organizer of the criminal activity, resulting in an adjusted offense level of 34. On the money laundering charge, Jeffrey Albers was assigned a base offense level of 23, with a three level enhancement for knowledge that the funds were proceeds of the distribution of controlled substances, resulting in an adjusted offense level of 26. The combined, adjusted offense level of 34 was reduced to 32 for acceptance of responsibility and the resulting guideline range was 135–168 months. Jeffrey Albers' criminal history was a category II.

Patricia Albers was assigned a base offense level of 32 on the conspiracy charge. On the money laundering charge, Patricia Albers was assigned a base offense level of 23, with a three level enhancement for knowledge that the funds were proceeds of the distribution of controlled substances, plus a one level enhancement because of the value of the funds, resulting in an adjusted offense level of 27. The combined, adjusted offense level of 32 was reduced to 30 for acceptance of responsibility, and the resulting guideline range was 78–97 months. Patricia Albers' criminal history was a category I.

Section 2D1.1(a)(3) of the Guidelines provides for a base offense level of 30 for offenses involving 3.5 to 5 kilograms of cocaine and a base offense level of 32 for offenses involving 5 to 15 kilograms of cocaine. The presentence reports reflect that the amount of drugs involved in the conspiracy, reasonably foreseeable to Jeffrey and Patricia Albers, was at least 3.5 and 5 kilograms of cocaine, respectively, and 100 kilograms of marijuana. This information was elicited directly from the Alberses and deduced from information contained in the related co-conspirators' cases. (The Alberses personally estimated that they received, variously, more than two pounds and five pounds of cocaine from co-conspirator Benito Davila.)[2]

---

[*] The HONORABLE EARL R. LARSON, Senior United States District Judge for the District of Minnesota, sitting by designation.

[1]. The Honorable Warren K. Urbom, United States District Judge for the District of Nebraska.

[2]. Twelve co-conspirators were sentenced in related cases. In each of the related cases a guilty plea was tendered, except that Benito Davila was found guilty by a jury of four counts, including conspiracy to distribute *only* marijuana. Davila was sentenced on August 1, 1991; his sentence does not appear in this record. The Alberses' counsel have provided this court with information regarding the sentences of co-conspirators Wendland and Velder (sentenced on August 12, 1991, to five years probation, including long term drug treatment). The record re-

## II.

■ The Alberses now assert that the downward departures granted for assistance to the government were insufficient because of the greater departures granted to co-conspirators Wendland and Velder. No objections were raised previously and, indeed, the Alberses still make no objection to the information upon which the guideline range was calculated. Even if the Alberses did not waive their right to raise the issue here, their appeals fail for lack of jurisdiction.

■ A defendant may appeal his or her sentence under 18 U.S.C. § 3742(a) if the sentence: (1) was imposed in violation of law, (2) was imposed because of incorrect application of the sentencing guidelines, (3) is *greater than* the sentence specified in the guideline range, or (4) was imposed for an offense for which there is no sentencing guideline. Conversely, only the government may appeal a sentence if the sentence *is less than* the sentence specified in the guideline range. 18 U.S.C. § 3742(b) (emphasis added). We have upheld this distinction in three recent cases.

> Insofar as Sharp raises an issue concerning the extent of the departure, we have held in *United States v. Left Hand Bull*, 901 F.2d 647 (8th Cir.1990), that we may not review the extent of a departure. We reasoned that it follows from *United States v. Evidente*, 894 F.2d 1000, 1003 (8th Cir.) (generally appellate court may not review. district court's failure to depart downward), *cert. denied*, 495 U.S. 922, 110 S.Ct. 1956, 109 L.Ed.2d 318 (1990), that where the district court did depart downward, we may not review the extent of the departure (citations omitted). While Left Hand Bull dealt with a downward departure because of victim misconduct, the same principle applies to a downward departure for substantial assistance.

*United States v. Sharp*, 931 F.2d 1310, 1311 (8th Cir.1991). Here the court depart-ed downward substantially from the guidelines range in each case; the Alberses may not appeal the district court's decision simply because they are dissatisfied with the extent of the departure. In a similar case, the Ninth Circuit noted, "There is no statutory authority for such an appeal, which would subject correctly calculated sentences to a scrutiny not intended by Congress." *United States v. Peoples*, 904 F.2d 23 (9th Cir.1990) (citing *Left Hand Bull*).

## III.

■ The Alberses' tangential due process argument implicitly invokes § 3742(a)(1), which makes appellate review available where sentences are imposed in violation of law. The standard of appellate review, governed by 18 U.S.C. § 3742(e), essentially requires the court of appeals to determine whether the sentence was imposed in violation of law. However, it also mandates that we "shall give due regard to the opportunity of the district court to judge the credibility of the witnesses, and shall accept the findings of fact of the district court unless they are clearly erroneous and shall give due deference to the district court's application of the guidelines to the facts." While the sentencing courts are obliged to use fair procedures, and the sentencing guidelines promote the desirability of avoiding unwarranted sentencing disparities, every sentencing disparity does not rise to the level of a violation of law. The instant sentencing disparity is clearly not of constitutional proportions.

Despite the court's consideration of the amounts of cocaine attributable because of the Alberses' relationship with Davila, substantial corroborating information was provided by the Alberses and others regarding the cocaine activity and the marijuana and money laundering activities. In addition, the record clearly reflects that the court was informed that Jeffrey Albers was a major player in the illegal activity and that Patricia Albers was heavily involved, that each provided assistance at trial in convict-

flects that co-conspirator Luther was sentenced to 63 months imprisonment, and Morehouse, who pled guilty to possession of marijuana, was sentenced to 12 months imprisonment. Six of

the other related cases were scheduled for sentencing between June 24, 1991, and August 12, 1991; the record before us does not reveal the sentences imposed.

ing Davila, although no additional evidence of any value was obtained through their assistance, and that it is quite possible that Jeffrey Albers' assistance would have been of much greater value if he had decided to cooperate at an earlier date. Further, we cannot imply that the district court did not adequately consider the activities and sentences of the co-conspirators in sentencing the Alberses, when the record clearly reflects the ready availability of all such information. Jeffrey and Patricia Albers have benefitted from greatly reduced sentences. Mere disparity does not demonstrate an abuse of discretion. Therefore, we find that the determination of the district court is not clearly erroneous.

The Alberses' appeal may as well be turned on its head, to argue that the district court made a mistake in the sentencing of the two co-conspirators and that we should remand so that the court may duplicate its mistake at the Alberses' resentencing. This is, of course, patently absurd, and we must affirm the Alberses' sentences despite the disparity.

IV.

For the foregoing reasons, the judgment of the district court is affirmed.