986 F.2d 503
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of AMERICA, Appellee,
v.
Charles L. WALLOT, Appellant.
 No. 92-2255.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: January 12, 1993.
Filed: January 19, 1993.
 
 Before LOKEN, Circuit Judge, HANSEN, Circuit Judge, and MURPHY,* District Judge.
 PER CURIAM.
 
 
 1
 Charles L. Wallot appeals the twenty-two-month prison sentence imposed on him by the district court[1] following his guilty plea to conspiring to distribute and possess with intent to distribute cocaine and to distributing cocaine within 1,000 feet of a playground, in violation of 21 U.S.C. §§ 841(a)(1), 846, and 860(a). We affirm.
 
 
 2
 In exchange for the government's pledge to move for a downward departure if he provided substantial assistance, Wallot pleaded guilty and agreed to cooperate. With an offense level of 29 and a criminal history category of I, the Guidelines range was 87 to 108 months. Prior to sentencing, the government moved for a downward departure under U.S.S.G. § 5K1.1. The government informed the court that Wallot provided significant information about two other men involved in drug activity, which led to the arrests of those men and the securing of their subsequent guilty pleas and cooperation agreements. By wearing a wire, Wallot also assisted the government in recording incriminating statements that were made by another individual who was then under investigation. The court granted the motion for a departure. Despite urging by Wallot's counsel that the court sentence Wallot to no more than six months imprisonment, the court sentenced him to twenty-two months imprisonment and four years supervised release.
 
 
 3
 Wallot argues that the district court abused its discretion in sentencing him to a prison term. He argues that a sentence of probation would have better fulfilled the objectives of the Sentencing Reform Act of 1984 because he had no previous criminal history and was proving himself to be a valuable member of society by pursuing a college degree. Wallot also argues that the departure system under which he was sentenced violated his right to due process because it allowed the prosecution to "supplant unfettered discretion sought to be removed by the sentencing guidelines."
 
 
 4
 A defendant may appeal from the sentence imposed by the district court if it was imposed in violation of the law; was imposed as a result of an incorrect application of the Guidelines; is greater than the sentence specified in the Guidelines range; or was imposed for an offense for which there is no Guideline and is plainly unreasonable. 18 U.S.C. § 3742(a). The defendant may not appeal simply because he or she is dissatisfied with the extent of a downward departure. United States v. Albers, 961 F.2d 710, 712 (8th Cir. 1992).
 
 
 5
 Wallot appears to argue that the district court should have departed further. The extent of the district court's departure, however, is not reviewable. See United States v. Sharp, 931 F.2d 1310, 1311 (8th Cir. 1991). To the extent that Wallot is arguing that the sentence was imposed in violation of law, we conclude his arguments have no merit. The record indicates that the district court adequately considered the factors listed in 18 U.S.C. § 3553(a), and we have previously rejected the due process argument Wallot now raises. See United States v. Grant, 886 F.2d 1513, 1514 (8th Cir. 1989) (rejecting defendant's argument that motion requirement of section 5K1.1 denies due process by giving prosecutors absolute discretion to control district court's departure from Guidelines).
 
 
 6
 Accordingly, we affirm. Appellant's motion to dismiss the appeal is denied as moot.
 
 
 
 *
 The HONORABLE DIANA E. MURPHY, Chief Judge of the United States District Court for the District of Minnesota, sitting by designation
 
 
 [1]
 The HONORABLE WARREN K. URBOM, Senior United States District Judge for the District of Nebraska