12 F.3d 1103
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Tony Lawrence DUBRAY, Appellant.
 No. 93-2436.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: November 9, 1993.
Filed: November 24, 1993.
 
 Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Tony Dubray appeals from the final judgment entered in the District Court[1] for the District of South Dakota sentencing him to sixteen months imprisonment for violation of his supervised release. For reversal appellant argues that the district court denied him equal protection by subjecting him to unequal sentencing and that 18 U.S.C. Sec. 3583(g) is unconstitutional as applied. For the reasons discussed below, we affirm the judgment of the district court.
 
 
 2
 Dubray pleaded guilty to one count of distributing a controlled substance to a person under the age of twenty-one, in violation of 21 U.S.C. Secs. 841(a)(1) and 845. The district court sentenced him to twelve months in prison followed by four years of supervised release.
 
 
 3
 Following Dubray's release from prison, the probation officer petitioned for revocation of the supervised release. Specifically, the petition and amended petition alleged that officers arrested Dubray and charged him with public intoxication; Dubray's urine sample tested positive on four occasions for marijuana and once for cocaine; and in February and March 1993, he failed to attend his assigned treatment program. The district court revoked Dubray's supervised release and sentenced him to sixteen months imprisonment with no supervised release to follow the sentence, citing 18 U.S.C. Sec. 3583(g) (upon finding individual on supervised release possessed controlled substance, court must order imprisonment for not less than one-third of original supervised release term).
 
 
 4
 Dubray filed a motion for reduction of sentence, contending that the same court in a similar case did not apply Sec. 3583(g) and did not incarcerate the other defendant for one-third of his supervised release time. Thus, according to Dubray, the dissimilar treatment amounted to a denial of his equal protection rights. The district court denied Dubray's motion. This appeal followed.
 
 
 5
 We will not disturb the district court's imposition of a sentence within statutory limits absent an abuse of discretion. United States v. Graves, 914 F.2d 159, 161 (8th Cir. 1990) (per curiam). "While the sentencing courts are obliged to use fair procedures, and the sentencing guidelines promote the desirability of avoiding unwarranted sentencing disparities, every sentencing disparity does not rise to the level of a violation of law." United States v. Albers, 961 F.2d 710, 712 (8th Cir. 1992). Sentencing disparity alone does not demonstrate an abuse of discretion. Id. at 713. Furthermore, " [w]e will not order re-sentencing ... for mere variations in sentences among similarly situated defendants." United States v. Jackson, 959 F.2d 81, 83 (8th Cir.), cert. denied, 113 S. Ct. 155 (1992). By pointing to one unrelated variant sentence, Dubray did not "present a clear and convincing case of abuse of discretion ... or a patent violation of a constitutional guarantee to warrant setting aside [his] sentence." United States v. Garcia, 785 F.2d 214, 228 (8th Cir.) (quoting Orner v. United States, 578 F.2d 1276, 1280 (8th Cir. 1976)), cert. denied, 475 U.S. 1143 (1986).
 
 
 6
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Richard H. Battey, United States District Judge for the District of South Dakota