33 F.3d 57
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES OF AMERICA, Appellee,
v.
Bruce William GUSTAFSON, Appellant.
 No. 94-1029.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: August 8, 1994.
Filed: August 12, 1994.
 
 Before MCMILLIAN, Circuit Judge, HEANEY, Senior Circuit Judge, and LOKEN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Bruce William Gustafson pleaded guilty to a single count of a four-count indictment charging him with distribution of LSD. Pursuant to the terms of the plea agreement, Gustafson agreed to cooperate with law enforcement authorities in the prosecution of his source of LSD. In return, the government agreed to and did file a motion for a downward departure pursuant to U.S.S.G. Sec. 5K1.1 and 18 U.S.C. Sec. 3553(e).
 
 
 2
 At sentencing the district court concluded that Gustafson's base offense level was 34 and that he was entitled to a two-level reduction for acceptance of responsibility, resulting in an offense level of 32 with a guideline range of 135 to 168 months of imprisonment. A mandatory minimum sentence of ten years was also applicable. Based on the government's motion for downward departure from both the guidelines and the mandatory minimum sentences, the court imposed a sentence of forty-eight months imprisonment and five years supervised release.
 
 
 3
 Thereafter, Gustafson filed a motion for a reduction of his sentence from forty-eight months to a maximum of 16.8 months. He asserted that the reduction was called for by an amendment to U.S.S.G. Sec. 2D1.1(c), which requires that the base offense level be computed by multiplying the weight per dosage (.04 milligrams) by the number of dosages (6,500), and that this change resulted in a mandatory increase of five years rather than ten years. He argued that the new base offense level be reduced by three levels rather than two levels for acceptance of responsibility, and that after these reductions, there should be a reduction in sentence in the same proportion as in the initial sentence.
 
 
 4
 The district court denied Gustafson's motion. It found that applying the amended guidelines, Gustafson's base offense level would be 26 and with a two-level reduction for acceptance of responsibility, his adjusted offense level would be 24, with a sentencing range of 57 to 71 months. The court refused, however, to grant the further proportional reduction requested by Gustafson. It said:
 
 
 5
 [The] defendant's 48-month sentence still falls below both the amended guideline range and the five-year mandatory minimum. The Court finds that a sentence of 48 months imprisonment adequately accounts for the assistance defendant provided to the government without disregarding the seriousness of defendant's criminal offense.
 
 
 6
 Appellant's Br. at A-3.
 
 
 7
 Gustafson argues on appeal that as a result of the district court's decision, he loses nearly all the benefit of his substantial assistance and that the court abused its discretion in not giving a further reduction. We affirm.
 
 
 8
 The district court could have granted the defendant's motion for a reduction of his sentence below the forty-eight-month level for substantial assistance. Its failure to do so, however, is not reviewable. United States v. Dutcher, 8 F.3d 11 (8th Cir. 1993); United States v. Albers, 961 F.2d 710, 712 (8th Cir. 1992); United States v. Ybabez, 919 F.2d 508, 510 (8th Cir. 1990), cert. denied, 499 U.S. 940 (1991). We need not decide whether the district court erred by refusing to grant an additional one-level reduction for acceptance of responsibility. Even with this additional level, the guidelines range would have exceeded the sentence imposed by a few months, and the district court made it clear that it was not inclined to reduce the ultimate sentence below forty-eight months in any event.
 
 
 9
 For the foregoing reasons, the decision of the district court is affirmed.