39 F.3d 1185
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Timothy A. GAYLES, also known as Timothy Moore, also known
as Charles Lee Moore, Appellant.
 No. 93-4120MN.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Oct. 12, 1994.
Filed: Oct. 24, 1994.
 
 Before FAGG, Circuit Judge, and HEANEY and LAY, Senior Circuit Judges.
 PER CURIAM.
 
 
 1
 A jury convicted Timothy A. Gayles of kidnaping Maureen Shook in violation of 18 U.S.C. Sec. 1201. The district court sentenced Gayles to the minimum guidelines sentence of thirty years in prison. We affirmed Gayles's conviction, rejecting his contention that he should have been granted a new trial because of "newly discovered evidence": Shook's alleged recantation. United States v. Gayles, 1 F.3d 735 (8th Cir. 1993). We remanded for resentencing, however, for consideration of a downward departure from the applicable sentencing guidelines range under U.S.S.G. Sec. 4A1.3. Id. at 739. On remand, Gayles filed another new trial motion based on "newly discovered evidence." The district court rejected the motion on the merits. At resentencing, the district court departed downward from the applicable guidelines range under Sec. 4A1.3 and sentenced Gayles to twenty years in prison. Gayles appeals. This time, we affirm in all respects.
 
 
 2
 Gayles contends the district court abused its discretion in denying his new trial motion. We disagree. To justify a new trial based on new evidence, a movant must show, among other things, that the evidence was discovered after the trial and that the evidence would probably produce an acquittal. United States v. Provost, 969 F.2d 617, 620 (8th Cir. 1992), cert. denied, 113 S. Ct. 986 (1993). Gayles based his motion on an affidavit by Shook about the voluntariness of her interstate trip with Gayles. This information was available before the trial. Further, we agree with the district court that the statement would probably not produce an acquittal on a retrial. "[A] statement by Shook that she voluntarily went [across a state line] with Gayles [is] inconsistent with the independent evidence in this case," Gayles, 1 F.3d at 738, and there are reasons for doubting the credibility of Shook's belated statement. Shook married Gayles after his first sentencing, even though Gayles had physically abused Shook, Shook had obtained several restraining orders, the couple had never lived together for more than a month, Gayles had pursued and physically abused other women during his relationship with Shook, and Shook had ended her relationship with Gayles before the kidnaping. We conclude the district court properly denied Gayles's new trial motion.
 
 
 3
 Contrary to Gayles's assertion, the district court did not abuse its discretion in denying an evidentiary hearing on the new trial motion. The district court found there were no exceptional circumstances warranting a hearing. Although Shook had recanted part of her testimony, the district judge had heard Shook's original testimony and was familiar with the record. See Provost, 969 F.2d at 619-20.
 
 
 4
 Gayles also challenges his twenty-year sentence. According to Gayles, the district court should have departed downward twenty rather than ten years from the minimum applicable guidelines sentence of thirty years. Absent a district court finding that Gayles did not qualify as a career offender, however, we lack jurisdiction to review the extent of the district court's downward departure. See United States v. Ybabez, 919 F.2d 508, 510 (8th Cir. 1990) (per curiam), cert. denied, 499 U.S. 940 (1991).
 
 
 5
 We affirm.