_____

No. 95-2174
_____

United States of America,          *
                                   *
          Appellee,                *
                                   *  Appeal from the United States
     v.                            *  District Court for the
                                   *  District of Nebraska.
Anthony C. Wilcher,                *
                                   *       [UNPUBLISHED]
          Appellant.               *

_____

          Submitted:  December 4, 1995

             Filed:  December 14, 1995
_____

Before BOWMAN, BEAM, and MURPHY, Circuit Judges.
_____

PER CURIAM.


     Anthony C. Wilcher appeals the 130-month sentence imposed by the
district court[1] after he pleaded guilty to conspiracy to distribute and
possess with intent to distribute, cocaine powder and cocaine base, in
violation of 21 U.S.C. §§ 841(a)(1) and 846, and conspiracy to commit money
laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and (a)(1)(B)(i).
We affirm.


     Wilcher argues that the district court--after granting a downward
departure under U.S.S.G. § 5K1.1, p.s. and 18 U.S.C. § 3553(e)--violated
18 U.S.C. § 3553(c)(1) by failing to state "the reason for imposing a
sentence at a particular point within the

_____

     [1]The Honorable Lyle E. Strom, United States District Judge for
the District of Nebraska.

range." This argument fails. Section 3553(c)(1) is not applicable in this case as Wilcher was not sentenced at any point "within the range." Section 3553(c)(2) is the applicable statutory provision here, and the district court properly complied with this provision by stating its reasons for imposing the sentence outside the Guidelines range. Additionally, because Wilcher received a downward departure under section 5K1.1 and section 3553(e), we cannot review the extent of that departure. See United States v. Dutcher, 8 F.3d 11, 12 (8th Cir. 1993); see also United States v. Albers, 961 F.2d 710, 712 (8th Cir. 1992) ("only the government may appeal a sentence if the sentence is less than the sentence specified in the guideline range"; defendant may not appeal substantial assistance downward departure "simply because [he is] dissatisfied with the extent of the departure").

Wilcher's remaining arguments also fail. First, the district court's comments at sentencing clearly showed that it did not believe it was legally constrained from departing below fifty percent of the applicable Guidelines range. Second, the district court did not err in not granting Wilcher a downward departure pursuant to U.S.S.G. § 5K2.0, p.s. because he did not move for such a departure.

Accordingly, the judgment is affirmed.

A true copy.

    Attest:


        CLERK, U.S. COURT OF APPEALS. EIGHTH CIRCUIT.

-2-