# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-4206

_____

United States of America,    *
                             *
            Appellee,        *
                             *    Appeal from the United States
      v.                     *    District Court for the
                             *    District of Minnesota.
William James Hayes,         *
                             *        [UNPUBLISHED]
            Appellant.       *

_____

Submitted: January 21, 1999
Filed: January 28, 1999

_____

Before FAGG, BEAM, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

William James Hayes pleaded guilty to conspiracy to distribute and to possess with intent to distribute crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. On appeal, counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), suggesting that the district court erred in overruling Hayes's objection to the inclusion in his criminal history score of a prior conviction for automobile theft for which Hayes had received 30 days "confinement," as there was no indication he was represented by counsel in that prior proceeding. We granted Hayes permission to file a pro se supplemental brief, but he has not done so.

Hayes's recommended Guidelines sentencing range was 77-96 months imprisonment. At sentencing, the district court[1] granted the government's downward-departure motion under U.S. Sentencing Guidelines Manual. § 5K1.1, p.s. (1998), and 18 U.S.C. § 3553(e), and sentenced Hayes to 48 months imprisonment and 4 years supervised release. Because Hayes's sentence represents a downward departure from the Guidelines sentencing range that would have resulted if he had prevailed on his criminal-history-score objection, we conclude his sentence is unreviewable. See United States v. Baker, 64 F.3d 439, 441 (8th Cir. 1995) (sentence is not reviewable where district court departs below applicable Guidelines sentencing range with or without challenged enhancement); cf. United States v. Albers, 961 F.2d 710, 712 (8th Cir. 1992) ("only the government may appeal a sentence if the sentence is less than the sentence specified in the guideline range").

In accordance with Penson v. Ohio, 488 U.S. 75, 80 (1988), we have reviewed the record to look for any nonfrivolous issues and have found none.

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.