**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Lakesha PRINGLE, Defendant–
Appellant.**

No. 00–2508.

United States Court of Appeals,
Sixth Circuit.

Feb. 6, 2001.

Before GUY, NORRIS, and SILER, Circuit Judges.

Lakesha Pringle, a federal prisoner, appeals the sentence imposed following her guilty plea to one count of bank fraud. Both parties are represented by counsel who have expressly waived oral argument and this panel unanimously agrees that oral argument is not needed in this case. Fed. R.App. P. 34(a).

Pringle was named, along with nine codefendants, in a 13–count superseding indictment charging conspiracy to commit bank fraud in violation of 18 U.S.C. § 371, and bank fraud in violation of 18 U.S.C. § 1344. Pringle herself was charged with one count of conspiracy and one count of bank fraud. On July 31, 2000, Pringle pleaded guilty to the substantive count of bank fraud. The district court dismissed the conspiracy count and sentenced Pringle on November 7, 2000, to one month in prison followed by four years of supervised release, with home confinement required for the first 150 days of supervised release. Pringle's Fed.R.Crim.P. 35(c) motion to correct her sentence due to disparity with codefendants' sentences was denied on November 27, 2000, on the basis of lack of jurisdiction.

On appeal, Pringle argues that the district court erred when it enhanced her offense level by two for more than minimal planning, causing a disparity of treatment among codefendants with similar records who were found guilty of similar criminal conduct.

Upon review, we affirm the district court's judgment. The district court's finding of more than minimal planning is reviewed for clear error. *United States v. Lutz,* 154 F.3d 581, 590 (6th Cir.1998); *United States v. Milligan,* 17 F.3d 177, 185 (6th Cir.1994). An increase in offense lev-

el under § 2F1.1(b)(2) for more than minimal planning is warranted in situations involving more planning than is typical for commission of the offense in simple form, significant affirmative steps taken to conceal the offense, or repeated acts over a period of time unless it is clear that each instance was purely opportune. USSG § 1B1.1, comment. (n.1(f)); *Milligan*, 17 F.3d at 184. This offense characteristic is to be determined on the basis of the overall offense conduct, not just on the role of an individual offender. *United States v. Comer*, 93 F.3d 1271, 1282 (6th Cir.1996); *United States v. Ivery*, 999 F.2d 1043, 1045–47 (6th Cir.1993).

■ The facts are not in dispute. At sentencing, the district court properly stated that Pringle need not have been personally involved in planning the offense for the two-level increase to be applied. Instead, as already noted, more than minimal planning is an *offense* characteristic, and the district court expressly found that more than minimal planning was involved in this offense where the scheme involved ten defendants participating in an intricate scheme to defraud numerous banks with counterfeit checks totaling almost a quarter of a million dollars.

■ Pringle's argument on appeal relies on the fact that the district court did not apply the enhancement in the cases of three codefendants who, like her, deposited only one check for a similar amount of money. She claims that applying the enhancement in her case results in unjust disparity between the sentences of similarly-situated defendants. However, as the government argues, other codefendants in this case *did* receive the two-level enhancement, and the sole reason that defendants Pittmon, Givens, and Bridgett Pringle did not receive it was that the Probation Office mistakenly left it out of Givens's offense level calculations and the

government did not timely object. Pittmon, in fact, acknowledged at sentencing that the enhancement was properly applied, but argued that he should also receive a two-level reduction for being a minor participant in the offense. The district court in Pittmon's case initially applied the enhancement, based upon the facts and law, but denied the reduction on the ground that Pittmon (like Pringle) was already being held accountable only for the extent of his own participation in the offense. The government argues that the district court's reversal of its position in Pittmon's case, based solely upon the government's failure to timely object in a codefendant's case, was erroneous and should not be the basis for a reversal in the instant case. *See United States v. Albers*, 961 F.2d 710, 713 (8th Cir.1992); *United States v. Guerrero*, 894 F.2d 261, 267 (7th Cir.1990).

The government's argument is persuasive. This court has refused to apply an erroneous interpretation of a guideline for the sake of achieving uniformity in sentencing. *See United States v. Hayter Oil Co.*, 51 F.3d 1265, 1276 (6th Cir.1995). Because the district court made a clear and unequivocal finding that Pringle's offense involved more than minimal planning—a finding that we conclude is not clearly erroneous—it properly applied the enhancement. *Cf. United States v. Alvarez*, 927 F.2d 300, 303 (6th Cir.1991) ("having made the finding that Alvarez testified untruthfully as to a material fact while under oath, the district court had no discretion under the Sentencing Guidelines in applying § 3C1.1").

■ It is well settled that a defendant may only appeal her sentence on the grounds that it: (1) was imposed in violation of law; (2) was imposed as a result of an incorrect application of the Sentencing Guidelines; (3) represented an upward de-

parture from the applicable guideline range; or (4) is a plainly unreasonable sentence imposed for an offense for which there is no sentencing guideline. *See* 18 U.S.C. § 3742(a); *United States v. Lively,* 20 F.3d 193, 196–97 (6th Cir.1994). Pringle's sentence falls within none of these categories.

Accordingly, the district court's judgment is affirmed.