UNITED STATES of America, Appellee,

v.

Merle LEFT HAND BULL, Appellant.

No. 89–5359.

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 12, 1989.

Decided April 9, 1990.

---

Timothy M. Engel, Pierre, S.D., for appellant.

David L. Zuercher, Pierre, S.D., for appellee.

Before McMILLIAN, JOHN R. GIBSON and BOWMAN, Circuit Judges.

JOHN R. GIBSON, Circuit Judge.

Merle Left Hand Bull pleaded guilty to mailing a threatening communication in violation of 18 U.S.C. § 876 (1988). While incarcerated in Montana, he had written a threatening letter to his estranged wife after being told that she had abandoned their child. During sentencing, he was determined to be a career offender under Sentencing Guideline section 4B1.1, but the district court departed downward from the Guideline range. On appeal, Left Hand Bull argues that the court should have departed even farther from the range. He also argues that this crime was not a crime of violence within the meaning of Sentencing Guideline section 4B1.1, because he could not have acted upon the threat when it was made. We affirm the judgment of the district court.[1]

## I.

Before entering his guilty plea in this case, Left Hand Bull had been convicted of breaking and entering, grand larceny, rape, and first degree rape. He was serving a twenty-year sentence in the Montana State Prison when he wrote the letter in question. His relationship with his estranged wife, Stella Dupris, had been a stormy one; the couple had married, divorced, remarried, and then separated. From the second marriage, the couple had a three-year-old daughter, Merleita. While Left Hand Bull was imprisoned in Montana, Merleita was in his wife's custody in South Dakota.

During the fall of 1988, a South Dakota social service worker telephoned Left Hand Bull and told him that Merleita had been abandoned by Stella, and was being passed from family to family on the Cheyenne River Reservation in South Dakota. According to Left Hand Bull's testimony at the sentencing hearing, he became very irritated and frustrated when he received the call. That evening, he wrote a letter to Stella which read, in part, as follows:

> I'm *not* thru with you yet!!—I'll get you —I'll find you.... I'll make *you pay dearly* for what you've done to Merleita. —I'll take you down slowly.... Nobody-nor-no-one cannot stop me now, even the prison cannot any-more!–No-more ... after 1–89.—I'll hunt you down like an animal ... Go ahead & laugh & whatever ... & will see if, you'd be laughing, etc. when I catch you.—You & your *other* kids!!....
>
> ....
>
> I broke down & told my family what you've done twice & now this, my aunt & cuzins, are after you[ ].... Now, they'll know where to look for you—if I don't get to you 1st—they will & of course, I'll have my share of you.... You'll—suffer as *long* as you live ...
>
> ....
>
> ... I'll get you & your kids....
>
> ....
>
> I've hated you with my heart I'm not thru with you.... You won't get away easily! No one will stop me!!—I'll hurt you really bad!!!

(Jt.App. at 25–26) (emphasis in original).

At the sentencing hearing, Left Hand Bull testified that he had not intended to carry out the threats, but acknowledged that he could have done so if he had wanted ed, because, as a prison trustee, he regularly traveled, alone, fifty or sixty miles away from the prison in a truck which held be-

---

1. The Honorable Donald J. Porter, Chief United States District Judge for the District of South Dakota.

tween fifty and sixty gallons of gasoline. (Jt.App. at 20–21).

Left Hand Bull was sentenced as a career offender. It is undisputed that the relevant Guideline range provided for an incarceration of from 51 to 63 months. Pursuant to Guideline section 5K2.10, which authorizes downward departures "[i]f the victim's wrongful conduct contributed significantly to provoking the offense behavior," the court sentenced Left Hand Bull to 48 months imprisonment, to be followed by three years of supervised release.

## II.

■ Left Hand Bull argues that: (1) a threat constitutes a crime of violence, for the purposes of Guideline section 4B1.1, only if it is accompanied by a contemporaneous ability to carry out the threat; and (2) mailing the threatening letter was not a crime of violence, because he did not have the ability to carry out the threat when it was made. Since the district court concluded that mailing the threatening letter was a crime of violence, Left Hand Bull asks us to reverse that court's interpretation of section 4B1.1. We are satisfied, however, that the court's interpretation was correct.

Left Hand Bull's argument involving the interpretation of the Guidelines is a purely legal one which we review de novo. *United States v. Bishop*, 894 F.2d 981, 984–85 (8th Cir.1990). The phrase "crime of violence" is defined, for purposes of Guideline section 4B1.1, in section 4B1.2(1),[2] which states that "[t]he term 'crime of violence' ... is defined under 18 U.S.C. § 16." In turn, 18 U.S.C. § 16 defines a crime of violence as:

    (a) an offense that has as an element the use, attempted use, *or threatened use of physical force* against the person or property of another, or

    (b) any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be

used in the course of committing the offense.

*Id.* (emphasis added).

Left Hand Bull pleaded guilty to mailing a threatening letter in violation of 18 U.S.C. § 876. An essential element of section 876 is that the communication convey a "threat to injure the person of the addressee or of another." *Id.* This offense falls squarely within the definition of a crime of violence contained in 18 U.S.C. § 16. Despite the clear language in section 16, Left Hand Bull relies upon legislative history and the commentary to Guideline section 4B1.2(1) to support his contention that mailing a threatening communication is a crime of violence only if the person conveying the threat was able to contemporaneously act upon it. We believe that neither the legislative history nor the Guideline commentary supports his position. *See* S.Rep. No. 225, 98th Cong., 2d Sess. 307, *reprinted in* 1984 U.S.Code Cong. & Admin. News 3182, 3486–87 (defining a "crime of violence" as "an offense ... that has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or any felony that, by its nature, involves the substantial risk that physical force against another person or property may be used in the course of its commission"); U.S.S.G. § 4B1.2, comment. (n.1) (repeating the definition from 18 U.S.C. § 16 and stating that any offense is a crime of violence "if the conduct for which the defendant was specifically convicted meets [that] definition").[3]

Left Hand Bull argues, in essence, that the examples contained in the legislative history and Guidelines commentary are exhaustive rather than illustrative. That contention cannot stand. Moreover, even if his interpretation of the Guidelines was correct, he could not prevail, because Left Hand Bull testified that he could have carried out his threats.

---

**2.** Section 4B1.2 was amended November 1, 1989, but the relevant language for this appeal is that which was in force when Left Hand Bull was sentenced.

**3.** This quotation is from the commentary in force when Left Hand Bull was sentenced.

**650**

### III.

It is undisputed that the applicable Guideline range was 51 to 63 months. The district court sentenced Left Hand Bull to only 48 months, however, because it concluded that a downward departure was justified under section 5K2.10, pertaining to victim misconduct. Left Hand Bull argues that the district court abused its discretion by refusing to depart more substantially from the Guideline range.

We recently held to be non-reviewable claims that a district court "abused its discretion in failing to depart downward for certain circumstances not adequately taken into consideration by the Sentencing Guidelines." *United States v. Evidente*, 894 F.2d 1000, 1003 (8th Cir.1990).

Here the district court decided to depart downward from the Guidelines. The government has not cross-appealed or contested this determination, and Left Hand Bull cannot appeal that decision. Instead, his argument challenges only the extent of the departure. If, as we held in *Evidente*, we may not review the question whether the district court abused its discretion in refusing to depart, certainly we may not review the extent of the departure. *See United States v. Pighetti*, 898 F.2d 3 (1st Cir.1990); *United States v. Wright*, 895 F.2d 718, 719–22 (11th Cir.1990) (per curiam); *see also United States v. Erves*, 880 F.2d 376, 381–82 (11th Cir.), *cert. denied sub nom.* —— U.S. ——, 110 S.Ct. 416, 107 L.Ed. 381 (1989).

Finding no error in the decision below, we affirm that judgment.