**UNITED STATES of America, Appellee,**

**v.**

**Stanley SHARP, Appellant.**

**No. 90–1622.**

United States Court of Appeals, Eighth Circuit.

Submitted April 1, 1991.

Decided May 2, 1991.

Rehearing Denied June 18, 1991.

Stanley Sharp, pro se.

Stephen Patrick O'Meara, Omaha, Neb., for appellee.

Before JOHN R. GIBSON, BOWMAN, and LOKEN, Circuit Judges.

JOHN R. GIBSON, Circuit Judge.

Stanley Sharp appeals his sentence of 114 months imprisonment and five years supervised release imposed by the district court[1] after he pleaded guilty to conspiring to distribute and possess over 5 kilograms of cocaine. Sharp argues that the district court erred by (1) not sentencing him below the statutory minimum sentence of ten years based on the government's motion to depart downward, as promised in the plea agreement; (2) failing to depart downward from the applicable sentencing range as requested in the government's motion filed under U.S.S.G. § 5K1.1; and (3) ordering an improper condition of supervised release, i.e., subjecting him to warrantless searches by persons supervising his release. We affirm.

Sharp's first two arguments are without merit because the district court did depart below the Guidelines range and the statutory minimum sentence under 21 U.S.C. § 841(b)(1)(A)(ii)(II) for the offense to which Sharp pleaded guilty. The sentence called for by the Guidelines was 151 to 188 months.[2] The government filed a motion reciting Sharp's substantial assistance and requesting a downward departure under section 5K1.1 and 18 U.S.C. § 3553(e). The court considered the motion, recognized the Guidelines range of 151 to 188 months and the statutory minimum sentence of 120 months, and imposed a sentence of 114 months.

Sharp has briefed the case pro se and his first two arguments, while understandably lacking in specificity and clarity, point to violation of the tendered plea agreement and can be read to argue that the court failed to grant a substantial enough departure under the record before it. While the district court first rejected the plea agreement, it is evident that the court in its final sentencing decision departed below the mandatory minimum and the Guidelines range; accordingly there is no breach of the plea agreement. Insofar as Sharp raises an issue concerning the extent of the departure, we have held in *United States v. Left Hand Bull*, 901 F.2d 647 (8th Cir.1990), that we may not review the extent of a departure. We reasoned that it follows from *United States v. Evidente*, 894 F.2d 1000, 1003 (8th Cir.) (generally appellate court may not review district court's failure to depart downward), *cert. denied*, — U.S. —, 110 S.Ct. 1956, 109 L.Ed.2d 318 (1990), that where the district court did depart downward, we may not review the extent of the departure. *Left Hand Bull*, 901 F.2d at 650 (citing *United States v. Pighetti*, 898 F.2d 3 (1st Cir.1990); *United States v. Wright*, 895 F.2d 718, 719–22 (11th Cir.1990) (per curiam); *United States v. Erves*, 880 F.2d 376, 381–82 (11th Cir.) (extent of downward departure for substantial assistance not reviewable), *cert. denied*, — U.S. —, 110 S.Ct. 416, 107 L.Ed.2d 381 (1989)). While *Left Hand Bull* dealt with a downward departure because of victim misconduct, the same principle applies to a downward departure for substantial assistance.

As to Sharp's final argument on appeal the district court may order conditions of supervised release which are "reasonably related to ... the nature and circumstances of the offense and the history and characteristics of the defendant, and ... to protect the public from further crimes of the defendant." U.S.S.G. § 5D1.3(b); *see also* 18 U.S.C. § 3583(d). The condition of supervised release subjecting Sharp to unrestricted warrantless searches to determine if he possessed alcohol or drugs, was within the district court's power. *Cf. United States v. Schoenrock*, 868 F.2d 289 (8th Cir.1989) (upholding same condition imposed as term of probation).

Accordingly, we affirm.

---

1. The Honorable William G. Cambridge, United States District Judge for the District of Nebraska.

2. Sharp's base offense level of 32 based on the quantity of cocaine involved; an upward adjustment for being an organizer and leader of the conspiracy; and a downward adjustment for acceptance of responsibility; resulted in a total offense level of 34. Sharp's criminal history category was I.