963 F.2d 377
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of AMERICA, Appellee,
v.
Thomas William PERRY, Appellant.
 No. 91-3665.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 12, 1992.
Filed: May 26, 1992.
 
 Before ARNOLD, Chief Judge, BRIGHT, Senior Circuit Judge, and WOLLMAN, Circuit Judge.
 PER CURIAM.
 
 
 1
 Thomas William Perry appeals the six-year sentence imposed by the District Court[1] upon his plea of guilty to conspiring to distribute more than five kilograms of cocaine and aiding and abetting the distribution of 55.5 grams of cocaine. We affirm.
 
 
 2
 Perry entered his plea pursuant to a plea agreement under which the government agreed to dismiss several other counts. Perry acknowledged he understood that the ten-year mandatory minimum sentence of 21 U.S.C. § 841(b)(1)(A) applied to the conspiracy count. The agreement provided that Perry would cooperate and the government would move, under 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1, for a departure below the statutory mandatory minimum and the Guidelines sentencing range. The parties agreed that Perry's sentence should not exceed eight years imprisonment, and that Perry could withdraw his plea if the District Court imposed a greater term of imprisonment. They agreed Perry's total offense level was 30, his criminal history category was III, and the appropriate sentencing range was 121-151 months. The parties further agreed that Perry could not withdraw from the plea agreement on the basis that the sentencing factors ultimately determined by the District Court differed from those stated in the agreement.
 
 
 3
 The presentence report (PSR) recommended that Perry receive an additional two-level decrease because he was a minor participant, but calculated his criminal history category as IV, yielding a sentencing range of 110-137 months. Perry filed a position paper asserting that his criminal history category was III and that he was entitled to a four-level decrease under U.S.S.G. § 3B1.2(a) because his participation was "minimal." He also sought to include allegedly mitigating information relating to the pervasive presence of drugs in his home from the time he was a child, physical abuse he suffered as a child, and his own chemical dependency. His objections did not mention the impact of the plea agreement or the applicability of section 841(b)(1)(A)'s mandatory minimum sentence.
 
 
 4
 Prior to sentencing, the government filed its motion for a departure below the mandatory minimum and the Guidelines range and recommended a sentence of six years imprisonment. At sentencing, the District Court rejected Perry's objections and adopted the PSR's calculations. Perry reaffirmed his assent to the plea agreement, but sought leniency based on his family background and substance-abuse problems. The District Court accepted the government's recommendation and sentenced Perry to six years imprisonment.
 
 
 5
 On appeal, Perry reasserts the arguments made in his objections to the PSR and contends the District Court did not adequately consider the mitigating circumstances. We assume that Perry's arguments are not precluded by his assent to the plea agreement. Even so, his challenges to the Court's Guidelines calculations are purely academic. Had Perry received the four-level adjustment for a minimal role in the offense and been sentenced as a criminal history category III, his sentencing range would have been 78-97 months.[2] He does not deny that without a government motion he would still have been subject to section 841(b)(1)(A)'s ten-year mandatory minimum. Pursuant to the government's motion, the court sentenced Perry to six years imprisonment, substantially below the mandatory minimum and below the 78-97 month range. To the extent that Perry is arguing the court should have departed further based on his cooperation or his unfortunate family background and substance-abuse problems, the court's decision is unreviewable. See United States v. Sharp, 931 F.2d 1310, 1311 (8th Cir. 1991) (extent of downward departure unreviewable); United States v. Evidente, 894 F.2d 1000, 1004 (8th Cir.) (decision not to depart unreviewable), cert. denied, 495 U.S. 922 (1990). Furthermore, such circumstances generally would not be grounds for departure. See U.S.S.G. §§ 5H1.3, 5H1.4 (mental and emotional condition and drug dependency ordinarily not grounds for departure); see also United States v. Daly, 883 F.2d 313, 319 (4th Cir. 1989) (criminal behavior can often be explained by childhood abuse and neglect and same is generally not grounds for departure), cert. denied, 110 S. Ct. 2622 (1990).
 
 
 6
 Accordingly, we affirm.
 
 
 
 [1]
 The Honorable Edward J. Devitt, late a Senior United States District Judge for the District of Minnesota
 
 
 [2]
 In his objections, Perry erroneously asserted the range would have been 63-78 months. (Clerk's rec. at 59.) He based this assertion on receiving a cumulative adjustment of six levels for his role in the offense; two for minor role, and four more for minimal role. (Id. at 58.) The maximum adjustment authorized by U.S.S.G. § 3B1.2, however, is four levels. Section 3B1.2 provides:
 Based on the defendant's role in the offense, decrease the offense level as follows:
 (a) If the defendant was a minimal participant in any criminal activity, decrease by 4 levels;
 (b) If the defendant was a minor participant in any criminal activity, decrease by 2 levels.
 In cases falling between (a) and (b), decrease by 3 levels.