975 F.2d 867
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
James Elmo ROBINSON, Appellant.
 No. 92-2075.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: September 14, 1992.
Filed: September 17, 1992.
 
 Before BOWMAN, Circuit Judge, HEANEY, Senior Circuit Judge, and HANSEN, Circuit Judge.
 PER CURIAM.
 
 
 1
 James Elmo Robinson, a federal prisoner, appeals from the District Court's[1] order reducing his sentence from ninety-seven to sixty months. We affirm.
 
 
 2
 Robinson pleaded guilty to manufacturing marijuana with co-defendant James Parent in violation of 21 U.S.C. § 841(a)(1) (1988). Based on the number of plants involved, over 3000, the defendants were subject to a mandatory minimum sentence of ten years under section 841(b)(1)(A)(vii). The government moved for a departure below the Guidelines range and the mandatory minimum, pursuant to United States Sentencing Commission, Guidelines Manual § 5K1.1 (Nov. 1990) and 18 U.S.C. § 3553(e) (1988), based on Robinson's substantial assistance and suggested a sentence of ninety-seven months. The District Court granted the motion and imposed sentence in accordance with the government's suggestion.
 
 
 3
 On September 20, 1991, Robinson filed a 28 U.S.C. § 2255 (1988) motion requesting that his sentence be set aside or modified. The parties entered into a "CONSENT ORDER OF HABEAS CORPUS," which provided that Robinson would be resentenced within fifty days. On April 30, 1992, the Court held a resentencing hearing at which the government asserted that a sentence of sixty to sixty-seven months would adequately reward Robinson for his cooperation. Robinson's attorney argued for a sentence of sixty months, but crediting Robinson for the fifteen months he had already served and allowing him to serve the remaining forty-five months in some type of community confinement. The District Court resentenced Robinson to sixty months in prison, stating that it arrived at that number by analogy to certain Guidelines provisions.
 
 
 4
 On appeal, Robinson argues that the District Court erred in calculating the extent of the departure and by refusing to resentence him to time served. As the government correctly points out, however, a defendant's challenge to the extent of a district court's downward departure is not reviewable on appeal. See, e.g., United States v. Lyon, 959 F.2d 701, 707 (8th Cir. 1992); United States v. Sharp, 931 F.2d 1310, 1311 (8th Cir. 1991). Therefore, we do not address Robinson's contentions.
 
 
 5
 Accordingly, we affirm the judgment.
 
 
 
 [1]
 The Honorable Morris S. Arnold, then United States District Judge for the Western District of Arkansas, now United States Circuit Judge