26 F.3d 127
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Richard V. CURIEL, Appellant.
United States of America, Appellee,
v.
James Lee Ashby, Appellant.
 Nos. 94-1145, 94-1091.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 2, 1994.
Filed: June 13, 1994.
 
 Before McMILLIAN, MAGILL, and BEAM, Circuit Judges.
 PER CURIAM.
 
 
 1
 In these consolidated cases, Richard V. Curiel and James L. Ashby appeal the sentences the district court[1] imposed on them after they pleaded guilty to charges stemming from a conspiracy to distribute and to possess with intent to distribute marijuana between March and November 1992. We affirm.
 
 I. CURIEL
 
 2
 Pursuant to a plea agreement, Curiel pleaded guilty to possessing a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. Sec. 924(c)(1), and the remaining counts against him were dismissed. Curiel's presentence report (PSR) indicated his offense required a mandatory five-year sentence, and no other guideline increases or decreases would apply.
 
 
 3
 At sentencing, the court determined that the statute required a mandatory minimum term of 60 months imprisonment. The government moved for downward departure based on Curiel's substantial assistance. Curiel's counsel additionally asked the court to consider that Curiel had spent the prior 14 months in a county jail, a facility far less accommodating than a federal facility. Counsel also suggested that Curiel receive 12 months credit for acceptance of responsibility. The court determined that the plea agreement in part recognized Curiel's assistance by providing for dismissal of the other drug charges. The court nonetheless departed downward and sentenced Curiel to 50 months imprisonment and three years supervised release.
 
 
 4
 On appeal, Curiel argues the district court erred in failing to credit his sentence with further reductions in recognition of his acceptance of responsibility and of the 14 months he spent in the county jail. He also argues the court improperly limited its departure based on an assumed benefit of the plea agreement without any supporting record or discussion. Curiel did not challenge below the district court's reliance on the assumed benefits of the plea agreement, and his other issues were presented below only in urging the court to depart downward pursuant to the government's substantial assistance motion. We believe the government correctly characterizes this as an attempt to circumvent our prior holding that the extent of a district court's departure is nonreviewable. United States v. Sharp, 931 F.2d 1310, 1311 (8th Cir. 1991) (citing United States v. Left Hand Bull, 901 F.2d 647, 650 (8th Cir. 1990)); see also United States v. Dutcher, 8 F.3d 11, 12 (8th Cir. 1993) (extent of departure nonreviewable regardless of district court's reasons for refraining from departing further).
 
 II. ASHBY
 
 5
 Ashby pleaded guilty to conspiring to distribute and possess with intent to distribute marijuana, in violation of 21 U.S.C. Sec. 846, and the remaining counts against him were dismissed. Ashby's PSR indicated that he was arrested in New Mexico on September 1, 1992, charged with possessing marijuana with intent to distribute, and placed on federal pretrial release. Ashby admitted that he continued his involvement with the marijuana conspiracy while on pretrial release until his arrest in Nebraska on October 23, 1992. The PSR indicated a base offense level of 22; a three- level enhancement pursuant to U.S.S.G. Sec. 2J1.7 because Ashby continued his involvement in this conspiracy while on pretrial release; and a total offense level of 25. Ashby filed objections to the PSR, arguing, inter alia, that because the District of New Mexico offense was included as relevant conduct in the instant offense, it should not be used to enhance his offense level.
 
 
 6
 At sentencing, the government noted that Ashby was arrested in New Mexico five to six weeks before he was arrested in Nebraska, and argued a three-level enhancement should be applied. Ashby argued that section 2J1.7 applies only in the case of a conviction for a federal offense that is committed while on release from another federal charge and requires a conviction of a separate offense. He argued that, in this case, the conduct for which he was arrested in New Mexico furthered the instant conspiracy and was already calculated into his offense level.
 
 
 7
 The district court denied all of Ashby's objections, adopted the PSR, and determined a Guidelines range of 70 to 87 months. Specifically, the court imposed a three-level enhancement pursuant to section 2J1.7. The government moved for a downward departure. The court sentenced Ashby to 30 months imprisonment to run concurrently with his 20-month sentence in the District of New Mexico. In addition, the court noted it was obligated to impose a consecutive sentence pursuant to section 2J1.7, and imposed a consecutive sentence of 6 months, for a total sentence of 36 months imprisonment and three years supervised release.
 
 
 8
 On appeal, Ashby challenges only the district court's three- level enhancement pursuant to section 2J1.7. That section provides that a defendant's offense level for an offense committed while on release should be increased three levels if an enhancement under 18 U.S.C. Sec. 3147 applies. Section 3147 provides that a person convicted of a felony offense committed while on release shall be sentenced, in addition to the sentence prescribed for that offense, to a term of imprisonment of not more than ten years, and this additional term of imprisonment shall be consecutive to any other sentence of imprisonment. The enhancement "applies only in the case of a conviction for a federal offense that is committed while on release on another federal charge." Section 2J1.7, comment. (backg'd.).
 
 
 9
 Although Ashby's New Mexico marijuana charges were considered relevant conduct to the instant offense, we conclude that imposing the enhancement does not result in double counting. The three- level enhancement was imposed, not for the conduct for which Ashby was arrested in New Mexico, but for committing offenses subsequent to that arrest while on release.
 
 
 10
 Accordingly, the judgments are affirmed.
 
 
 
 [1]
 The Honorable Lyle E. Strom, Chief Judge, United States District Court for the District of Nebraska