53 F.3d 335
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 UNITED STATES of America, Appellee,
v.
Felix R. BENCOSME, Appellant.
 No. 94-3286
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Mar. 22, 1995
Filed: May 4, 1995
 
 Before McMILLIAN, LOKEN and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Felix R. Bencosme appeals his 42-month sentence imposed by the district court[1] after he pleaded guilty to possessing cocaine with intent to distribute, in violation of 21 U.S.C. Sec. 841(a)(1). We affirm.
 
 
 2
 After a confidential informant set up a 1-kilogram cocaine deal with Bencosme, authorities arrested Bencosme and confiscated 994 grams of cocaine. Bencosme allegedly told FBI agents that he was part of a conspiracy to bring cocaine to Kansas City, and that he had previously made eight trips to Kansas City, delivering one kilogram of cocaine each time. Bencosme's presentence investiga- tion report (PSI) indicated a base offense level of 32, based on 8,994 grams of cocaine. The PSI also indicated a 3-level downward adjustment for acceptance of responsibility, resulting in a total offense level of 29 and a Guidelines range of 87 to 108 months imprisonment. At sentencing, Bencosme objected to the drug- quantity calculation, arguing that he should be held responsible only for the 994 grams of cocaine seized at his arrest. The district court rejected his arguments and adopted the findings in the PSI. However, the district court departed downward, based on the government's substantial-assistance motion, and sentenced Bencosme to 42 months imprisonment and three years supervised release.
 
 
 3
 On appeal, Bencosme argues that no reliable evidence was produced to warrant increasing his base offense level for the additional 8 kilograms of cocaine.
 
 
 4
 If the additional 8 kilograms had not been considered in determining Bencosme's base offense level, his Guidelines range would have been 46 to 57 months, based upon a base offense level of 26 and a total offense level of 23. We hold that, under these circumstances, Bencosme's sentence of 42 months imprisonment is not subject to our review. In United States v. Evidente, 894 F.2d 1000, 1003-04 (8th Cir.) (Evidente ), cert. denied, 495 U.S. 922 (1990), we held that this court lacks authority to review a district court's decision to refrain from departing downward. In United States v. Left Hand Bull, 901 F.2d 647, 650 (8th Cir. 1990) (Left Hand Bull ), we expanded the rule of Evidente and held that the extent of a district court's downward departure also is not reviewable on an appeal by a defendant. In United States v. Dutcher, 8 F.3d 11, 12 (8th Cir. 1993), we applied Left Hand Bull to hold that, even if an enhancement under the Guidelines was based upon clearly erroneous findings, the sentence, as well as the district court's reasons for the sentence, were non-reviewable on appeal by the defendant where the sentence the defendant received was still below the Guidelines range that would have resulted without the enhancement. Thus, in the present case, even if the district court relied at sentencing upon an overstated drug quantity, as argued by Bencosme, his sentence of 42 months imprisonment and the district court's reasons for it are non- reviewable on appeal because that sentence is still below the Guidelines range that corresponds with the lower drug quantity.
 
 
 5
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The Honorable Elmo B. Hunter, Senior United States District Judge for the Western District of Missouri