———————

No. 93-2840

———————

Stanley Sharp,                      *
                                    *
                  Appellant,        *
                                    *   Appeal from the United States
     v.                             *   District Court for the
                                    *   District of Nebraska.
United States of America,           *
                                    *        (UNPUBLISHED)
                  Appellee.         *


———————

         Submitted:  March 15, 1995

            Filed:  April 11, 1996

———————

Before MAGILL, JOHN R. GIBSON, and BEAM, Circuit Judges.

———————

PER CURIAM.


     Stanley Sharp appeals the district court's denial of his motion under
28 U.S.C. § 2255 to correct his 114 month sentence entered on a plea of
guilty.  The essence of his claim is that he received ineffective
assistance of counsel because his attorney falsely represented to him that
an agreement had been reached limiting his sentence to five years, or that
counsel failed to inform the sentencing court of this agreement.  The
district court adopting the report and recommendation of a magistrate judge
denied the motion on the basis of his answers in both a written plea
agreement and before the open court that there were no promises made to him
with respect to his sentence, that the court was not bound by any motion
filed by the government, and that he wished to plead guilty.  We affirm the
judgment of the district court.


     Sharp pleaded guilty to conspiracy to possess with intent to

distribute cocaine in violation of 18 U.S.C. § § 841(a)(1) and 846.  Under the plea agreement, Sharp agreed to cooperate with the government's investigation, and in return the government agreed not to prosecute him for any other violations of federal controlled substances law and to file a motion with the sentencing court requesting a downward departure.

After questioning Sharp at length, the court[1] determined that Sharp's guilty plea was voluntary and that Sharp did not believe the government had made any additional promises.  The government stated that Sharp had "fully cooperat[ed]" with the investigation, filed the motion for a downward departure, and dismissed the remaining counts against Sharp.  The court noted that Sharp's sentencing range was 151 to 188 months; the court departed downward four levels and sentenced Sharp to 114 months in prison. The court also stated, however, that it did not believe Sharp's assistance was "complete in all respects," specifically as to his suppliers, and that the departure would have been greater with that additional information.

This court affirmed Sharp's sentence on direct appeal, holding that it will not review the extent of a downward departure.  United States v. Sharp, 931 F.2d 1310, 1311 (8th Cir. 1991).

Sharp filed this section 2255 motion alleging ineffective assistance of counsel because his attorney falsely represented to him that an agreement had been reached limiting his sentence to five years, or that if such an agreement did exist, because he failed to inform the sentencing court of its existence.  Sharp stated that if he had realized he would be sentenced to more than five years, he "would have been in the mind to ask for a better

_____

[1]The Honorable William G. Cambridge, Chief Judge, United States District Court for the District of Nebraska, adopting the report and recommendations of the Honorable David L. Piester, United States Magistrate Judge for the District of Nebraska.

-2-

plea agreement." The magistrate judge recommended denying the motion, quoting at length Sharp's assertions at his plea hearing that no additional agreements existed. The district court denied the motion, determining that the sentence was proper because the sentencing court had given Sharp several opportunities to bring up such an agreement and he did not do so, and because the court had informed Sharp that it was not bound by the government's motion for a downward departure.

Sharp asserts on appeal that the sentencing court had no authority to determine that he did not comply with the plea agreement when the government stipulated that he had complied, and that he should receive the sentence that the district court would have imposed if it had found complete assistance.

This court reviews de novo the denial of Sharp's section 2255 motion and, as it was denied without a hearing, this court affirms only if the record conclusively shows he is not entitled to relief. See Holloway v. United States, 960 F.2d 1348, 1351 (8th Cir. 1992). Sharp may not relitigate the district court's departure from the guidelines, or the extent of the departure, as these issues were raised and ruled on direct appeal. See Dall v. United States, 957 F.2d 571, 572 (8th Cir. 1992) (per curiam). Sharp contests only the extent of the departure. See United States v. Left Hand Bull, 901 F.2d 647, 650 (8th Cir. 1990) (court may not review extent of departure).

Sharp's claim that his sentence is invalid as contradicting his plea agreement fails. Sharp's plea agreement did not include any assurances that he would be sentenced to five years in prison, and Sharp admitted during lengthy questioning that neither the government nor his attorney had made any additional promises. See United States v. Storey, 990 F.2d 1094, 1097 (8th Cir. 1993) (difficult to overcome defendant's representations regarding plea agreement during plea-taking hearing); United States v. Ball, 646

F.2d 340, 340 (8th Cir. 1991) (per curiam) (district court's denial of § 2255 motion to correct sentences in accord with plea agreements affirmed where movants denied existence of deals or promises of plea hearing).

Sharp's claim that his attorney was ineffective for leading him to believe that he would receive a five year sentence also fails. The extent of his assertion is that he would have asked for a better plea agreement if he had known his sentence would be greater than five years, and this is insufficient to show prejudice. See Iron Wing v. United States, 34 F.3d 662, 664-65 (8th Cir. 1994) (to show prejudice from guilty plea, defendant must show he would not have pleaded guilty). Strickland v. Washington, 466 U.S. 668 (1984), requires not only a showing that counsel's performance was objectively unreasonable, but that the client was prejudiced and for failure to demonstrate prejudice his claim fails.

The judgment of the district court denying relief on Sharp's section 2255 motion is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-4-