**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Kevin Edward ARCHER, Defendant–**
**Appellant.**

**No. 03–1785.**

United States Court of Appeals,
Sixth Circuit.

March 19, 2004.

Joan E. Meyer, U.S. Attorney's Office, for the Western District of Michigan, Grand Rapids, MI, for Plaintiff–Appellee.

Paul L. Nelson, Federal Public Defenders Office, Western District of Michigan, Grand Rapids, MI, for Defendant–Appellant.

Before COLE and GILMAN, Circuit Judges; and SCHWARZER, District Judge.*

*ORDER*

Kevin Edward Archer pled guilty to bank robbery, a violation of 18 U.S.C.

---

* The Honorable William W. Schwarzer, United    States District Judge for the Northern District

§ 2113(a). On June 16, 2003, he was sentenced as a career offender to 170 months of incarceration and three years of supervised release. It is from this judgment that Archer now appeals. The parties have waived oral argument, and the panel unanimously agrees that it is not needed. Fed. R.App. P. 34(a).

We review the sentencing court's legal conclusions *de novo,* while examining its factual findings for clear error. *See United States v. Henderson,* 209 F.3d 614, 617 (6th Cir.2000).

The district court found that Archer was a career offender under USSG § 4B1.1, because he had prior convictions for unarmed robbery and for mailing threatening communications. Archer now argues that his prior conviction for mailing threatening communications was not a crime of violence that would support his current sentence as a career offender.

> The term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that-
>
> (1) *has as an element the* use, attempted use, or *threatened use of physical force against the person of another,* or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

USSG § 4B1.2(a) (2002) (emphasis added).

We use a categorical approach to determine whether a prior offense meets this definition, looking only to the statutory elements of the offense. *United States v. Campbell,* 256 F.3d 381, 395–96 (6th Cir. 2001). The federal statute under which Archer was convicted of "Mailing Threatening Communications" provided in pertinent part as follows:

> Whoever knowingly so deposits or causes to be delivered as aforesaid, any communication ..., addressed to any other person and containing ... *any threat to injure the person of the addressee or of another,* shall be fined under this title or imprisoned not more than five years, or both.

18 U.S.C. § 876 (West 1996) (emphasis added). This language shows that Archer's prior conviction was a crime of violence under § 4B1.2(a)(1), as it includes the element of threatening to use physical force against the person of another. *See United States v. McCaleb,* 908 F.2d 176, 178 (7th Cir.1990); *United States v. Left Hand Bull,* 901 F.2d 647, 649 (8th Cir. 1990).

Archer argues that his prior offense did not involve a serious risk of injury because it was less violent than the offenses that are specifically listed in § 4B1.2(a)(2) and the commentary to the guideline. However, the two subsections of § 4B1.2(a) are written in the disjunctive. Thus, we need not consider whether Archer's prior offense involved a serious risk of injury under § 4B1.2(a)(2), as it expressly included an element of threatening to use physical force under § 4B1.2(a)(1).

Finally, Archer argues that his prior conviction did not involve a threat within the meaning of § 4B1.2(a)(1), because his incarceration greatly reduced any immediate risk to another. However, the courts have not required imminent danger to establish a threat for purposes of § 4B1.2(a)(1). *See McCaleb,* 908 F.2d at 178 & n. 6; *Left Hand Bull,* 901 F.2d at 649. Moreover, consideration of this argument would require us to look beyond the plain language of § 876 and examine the

of California, sitting by designation.

facts of Archer's prior offense. An examination of those facts shows that he made credible threats of extreme violence and repeatedly suggested that he would be patient in carrying them out.

Accordingly, the district court's judgment is affirmed.