# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3454

_____

United States of America,      *
                                  *

           Appellee,     *

                                *    Appeal from the United States

   v.                       *    District Court for the
                                *    Eastern District of Arkansas.

Kelly Flannery,           *

                                *    [UNPUBLISHED]

           Appellant.    *

_____

Submitted: July 2, 2004
Filed: July 27, 2004

_____

Before MELLOY, HANSEN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Kelly Flannery appeals the sentence the district court[1] imposed after he pleaded guilty to aiding and abetting others in willfully making a threat and maliciously conveying false information, over the telephone, about alleged attempts to blow up a courthouse, in violation of 18 U.S.C. §§ 844(e) and 2. At sentencing, the district court determined that Flannery was a career offender, see U.S.S.G. § 4B1.1, and sentenced him to 120 months imprisonment and 3 years supervised release. We affirm.

_____

[1]The Honorable G. Thomas Eisele, United States District Judge for the Eastern District of Arkansas.

Flannery argues for the first time that he was improperly classified as a career offender because the instant offense did not qualify as a "crime of violence." We find that the court did not plainly err in classifying the instant offense--aiding and abetting others in threatening to blow up the courthouse--as a crime of violence. See U.S.S.G. § 4B1.2(a) (defining crime of violence); United States v. Santos, 131 F.3d 16, 21 (1st Cir. 1997); cf. United States v. Left Hand Bull, 901 F.2d 647, 649 (8th Cir. 1990) (where defendant mailed threatening letter, he committed crime of violence under career-offender provisions, even if he lacked ability to act contemporaneously upon his threat). Flannery also argues he should have received an acceptance-of-responsibility reduction. We reject this contention, because in light of the evidence presented at sentencing, the court did not clearly err in finding that Flannery minimized his role in the offense to the probation officer who interviewed him. See United States v. Alaniz, 148 F.3d 929, 937 (8th Cir. 1998) (denying acceptance-of-responsibility reduction because entry of guilty plea alone did not entitle defendant to reduction, and he continued to deny his involvement in offense after there was substantial evidence of his participation).

We do not reach Flannery's remaining arguments regarding his criminal history points and an aggravating-role enhancement, because these issues are moot in light of Flannery's career-offender status. See U.S.S.G. § 4B1.1(b). Accordingly, we affirm.

_____