# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 11-1605

_____

United States of America,

    Appellee,

  v.

Jonathon Tessmer,

    Appellant.

\*
\*
\*
\*
\* Appeal from the United States
\* District Court for the
\* Eastern District of Missouri.
\*
\* [PUBLISHED]
\*

_____

Submitted: September 20, 2011
Filed: October 21, 2011

_____

Before RILEY, Chief Judge, COLLOTON and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Jonathon Tessmer was convicted of mailing a threatening communication in violation of 18 U.S.C. § 876(c). The district court[1] concluded that Tessmer qualified as a career offender under U.S.S.G. § 4B1.1 on the basis that mailing a threatening communication is a crime of violence, and it imposed a 46-month sentence. Tessmer timely appeals, contending that the career offender designation was in error. He

---

[1] The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

argues that the offense of mailing a threatening communication is not a crime of violence because it requires neither intent nor means to carry out the threat.

This Court reviews *de novo* a district court's determination that a conviction constitutes a crime of violence under the sentencing guidelines. *United States v. Craig*, 630 F.3d 717, 723 (8th Cir. 2011). A "crime of violence" is defined as any offense under federal or state law that is punishable by imprisonment for a term exceeding one year and (1) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (2) is a burglary of a dwelling, an arson, or an extortion; involves the use of explosives; or otherwise involves conduct that presents a serious potential risk of physical injury to another. U.S.S.G. § 4B1.2(a).

We have previously determined that the offense of mailing a threatening communication in violation of 18 U.S.C. § 876(c) is a crime of violence. *United States v. Left Hand Bull*, 901 F.2d 647, 649 (8th Cir. 1990). To be convicted of mailing a threatening communication, the defendant must knowingly deposit or cause to be delivered a communication "addressed to any other person and containing any threat to kidnap any person or any threat to injure the person of the addressee or of another." 18 U.S.C. § 876(c). In *Left Hand Bull*, we held that mailing a threatening communication is categorically a crime of violence because "[a]n essential *element* of § 876(c) is that the communication convey a 'threat to injure the person of the addressee or of another,'" and that element "falls squarely within the definition of a crime of violence." 901 F.2d at 649 (emphasis added); *see also United States v. Bellrichard*, 62 F.3d 1046, 1050 (8th Cir. 1995) (upholding § 876(c) against a First Amendment challenge because it requires "direct threats of force . . . toward other persons"). Thus, our precedent establishes that mailing a threatening communication in violation of 18 U.S.C. § 876(c) is categorically a crime of violence because it has as an element the "threatened use of physical force against the person" of another.

Tessmer contends that *Left Hand Bull* is no longer good law after *Begay v. United States*, 553 U.S. 137 (2008). However, *Begay* analyzed solely the analogous residual clause of 18 U.S.C. § 924(e)(2)(B); that is, whether a crime presents a serious potential risk of physical injury to another that is roughly similar in kind and degree of risk to burglary, arson, extortion, and offenses involving the use of explosives. *See Begay*, 553 U.S. at 143. In contrast, *Left Hand Bull* determined that § 876(c) constituted a crime of violence under the separate "has as an element the . . . threatened use of physical force" clause of U.S.S.G. § 4B1.2(a)(1), and not the residual clause of § 4B1.2(a)(2). Therefore, *Begay* does not affect the holding of *Left Hand Bull*.

For the foregoing reasons, we affirm.

_____