UNITED STATES of America, Appellee,

v.

Jerry Gene DUTCHER, Appellant.

No. 93–1887.

United States Court of Appeals,
Eighth Circuit.

Submitted Sept. 14, 1993.

Decided Oct. 27, 1993.

Evelyn A. Gwin, Springfield, MO, argued, for appellant.

Cynthia J. Hyde, Asst. U.S. Atty., Springfield, MO, argued, for appellee.

Before McMILLIAN, Circuit Judge, HENLEY, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

McMILLIAN, Circuit Judge.

Jerry Gene Dutcher appeals from a final judgment entered in the United States District Court [1] for the Western District of Missouri sentencing him under the federal sentencing guidelines to eighty-four months imprisonment following his plea of guilty to one count of conspiracy to distribute cocaine and one count of money laundering.[2] For reversal, Dutcher argues that the district court erred in (1) believing that it could not depart more than fifty percent below the applicable sentencing range under the guidelines and (2) assuming that Dutcher was a leader of the cocaine conspiracy and therefore subject to a four-level upward adjustment under the guidelines for his role in the offense. For the reasons discussed below, we affirm the judgment of the district court.

Dutcher was indicted with ten other individuals on multiple counts of cocaine distribution, money laundering and conspiracy to distribute cocaine. Dutcher pled guilty to two counts in the indictment and cooperated with the government in its investigation and prosecution. In exchange, the government moved pursuant to Guideline § 5K1.1 and 18 U.S.C. § 3553(e) for a downward departure from the mandatory guideline range.

The presentence investigation report characterized Dutcher as an organizer or leader of the cocaine conspiracy and recommended a four-level enhancement under Guideline

---

1. The Honorable Russell G. Clark, United States District Judge for the Western District of Missouri.

2. The district court also sentenced Dutcher to five years of supervised release and imposed a special assessment of $100.

§ 3B1.1(a) for his role in the offense. At the sentencing hearing, Dutcher's attorney objected to this characterization and argued that Dutcher merely acted as an agent for co-defendant Christopher McClellan. The district court asked defense counsel if she agreed that no finding on Dutcher's role in the offense was necessary if the district court were to grant the government's motion for a downward departure. Defense counsel responded affirmatively. The district court stated "I have no discretion of sentencing below 168 months without the government's motion for a downward departure." The presentence investigation report, taking into account a four-level enhancement under Guideline § 3B1.1(a), placed Dutcher in a guideline range of 168 to 210 months. The district court then stated "[w]hile perhaps the sentence I'm about to impose is excessive, I do not believe that under the circumstances that I should sentence below fifty percent of that called for under the guidelines." The district court sentenced Dutcher to eighty-four months imprisonment on each count, to run concurrently.

Dutcher argues that the district court mistakenly believed that it was constrained to impose a sentence not more than fifty percent below the applicable guideline range and that this misunderstanding of its discretionary powers constitutes reversible error. In addition to the district court's "fifty percent" comment, Dutcher highlights the district court's statement that the sentence imposed was perhaps "excessive." In response, the government argues that the extent of the downward departure, regardless of the district court's reasons, is not reviewable on appeal. *United States v. Left Hand Bull,* 901 F.2d 647 (8th Cir.1990) (*Left Hand Bull*); *United States v. Evidente,* 894 F.2d 1000 (8th Cir.) (*Evidente*), cert. denied, 495 U.S. 922, 110 S.Ct. 1956, 109 L.Ed.2d 318 (1990). In any case, the government argues, the district court's words that it "should" not sentence below fifty percent "under the cir-

cumstances" do not suggest that the district court believed itself legally constrained to fifty percent but rather reflect the district court's view that eighty-four months is an appropriate sentence for this particular defendant.

■ We hold that the district court's decision to grant a downward departure from the applicable guideline range, either with or without the four-level enhancement [3], is not reviewable on appeal. In *Evidente,* we held that this Court lacks authority to review a district court's decision to refrain from departing downward. 894 F.2d at 1004. In *Left Hand Bull,* we held that it followed from *Evidente* that we may not review the extent of a district court's departure from the guidelines. 901 F.2d at 650. In the present case, we therefore hold that we may not review the extent of the district court's downward departure, regardless of the district court's reasons for refraining from departing further.[4]

■ We also do not review the correctness of the district court's apparent assumption that Dutcher was an organizer or leader of the cocaine operation. Even if this assumption were clearly erroneous, and Dutcher would not have been subject to a four-level enhancement for his role in the offense, his eighty-four month sentence would still represent a downward departure from the applicable guideline range. Therefore, the sentence, as well as the district court's reasons for the sentence, would still be non-reviewable. Dutcher contends, however, that absent the district court's error regarding his role in the offense, the district court would have imposed a lower sentence because its starting point would have been the guideline range calculated without the four level adjustment. In support of this theory, Dutcher again highlights the district court's comment that the sentence imposed was perhaps "excessive." Even if we had the authority to review the district court's assumption that

---

3. Without the four-level enhancement, the applicable guideline range would have been 108 to 135 months.

4. Additionally, we note that we are not persuaded that the district court in fact was acting upon a misconception that it lacked authority to depart

more than fifty percent below the applicable guideline range. Rather, we believe the district court's comments at the sentencing hearing more likely reflect the view that eighty-four months is an appropriate sentence in light of the circumstances of the case.

Dutcher was a leader or organizer of the criminal conspiracy, which we do not in this context, we are not persuaded that the district court necessarily would have imposed a lower sentence.

For the foregoing reasons, the judgment of the district court is affirmed.