UNITED STATES of America, Appellee,

v.

**Glynn WYATT, Appellant.**

No. 93–3056.

United States Court of Appeals,
Eighth Circuit.

Submitted June 10, 1994.

Decided June 16, 1994.

Carter C. Law, Asst. Federal Defender, of St. Louis, MO, argued, for appellant.

Larry H. Ferrell, Asst. U.S. Atty., Cape Girardeau, MO, argued, for appellee.

Before BOWMAN, LOKEN, and HANSEN, Circuit Judges.

PER CURIAM.

Glynn Wyatt pleaded guilty to possessing more than 100 marijuana plants with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), and 846. The district court[1] departed from the 108–135 month Guidelines range based on the government's departure motion filed under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), and sentenced Wyatt to 60 months imprisonment and four years supervised release. He appeals his sentence, and we affirm.

Wyatt argues the court erred at sentencing by imposing a 2–level weapon enhancement under U.S.S.G. § 2D1.1(b)(1) and denying him a 2–level minor-participant reduction under U.S.S.G. § 3B1.2(b). We conclude these issues are not reviewable, because Wyatt's sentence still represented a downward departure from the Guidelines sentencing range that would result if he had prevailed on both points.[2] *See United States v. Dutcher,* 8 F.3d 11, 12 (8th Cir.1993) (Guidelines sentence, including disputed 4–level role enhancement, non-reviewable where district court departed below applicable Guidelines range with or without enhancement).

In any event, we would not find the district court's decision on either matter to be clearly erroneous. *See United States v. Overstreet,* 5 F.3d 295, 297 (8th Cir.1993) (per curiam); *United States v. Rayner,* 2 F.3d 286, 288 (8th Cir.1993) (standards of review). Wyatt carried a loaded firearm while he harvested marijuana in a marijuana patch for approximately three hours before midnight on July 14, 1992. Although he returned to the field unarmed shortly before his arrest, and although he claimed that he had carried the gun earlier in the offense only to disguise himself as a squirrel hunter, we agree with the government that he posed a risk of danger when armed to anyone who might have approached him on the patch. *See* U.S.S.G. § 2D1.1, comment. (n. 3) (enhancement for weapon possession reflects increased danger of violence when drug traffickers possess weapons). *Cf. United States v. Rowley,* 975 F.2d 1357, 1363 (8th Cir.1992) (proximity and accessibility of unloaded automatic weapons in bedroom where defendant also kept marijuana exacerbated danger of drug-related violence). As to the minor-participant reduction, Wyatt participated in har-

---

1. The Honorable Stephen N. Limbaugh, United States District Judge for the Eastern District of Missouri.

2. A 4–level reduction in Wyatt's total offense level would produce a sentencing range of 70–87 months.

vesting the marijuana—an essential task in a marijuana-growing operation—and he was to receive one-half of the marijuana he picked. *See United States v. Belden,* 957 F.2d 671, 676 (9th Cir.) (upholding denial of minor-participant reduction where defendant's only involvement in marijuana-growing operation was installation and maintenance of generator: operation would not have succeeded without such function and profits were to be equally shared), *cert. denied,* —— U.S. ——, 113 S.Ct. 234, 121 L.Ed.2d 169 (1992).

Finally, Wyatt argues the government breached its plea agreement because the prosecutor stated at sentencing that Wyatt's offense was serious, and thus effectively "canceled out the information as to cooperation." We agree with the government that Wyatt waived this claim because he did not object to the prosecutor's remarks at sentencing. *See United States v. Beatty,* 9 F.3d 686, 691 (8th Cir.1993) (when no objection was made in district court that prosecutor's remarks at sentencing violated plea agreement, defendant failed to preserve alleged error for review). We also have reviewed the prosecutor's remarks under a plain error standard and decline to grant relief. *See id.* at 692.

Accordingly, we affirm the judgment of the district court.