46 F.3d 1137
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Joseph Luther McCROSKY, Appellant.
 No. 94-2736.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Jan. 6, 1995.
Filed: Jan. 20, 1995.
 
 Before WOLLMAN, BEAM, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Joseph McCrosky appeals the sentence imposed on him by the district court[1] after he pleaded guilty to a drug offense. For the reasons set forth below, we affirm.
 
 
 2
 McCrosky and a codefendant, Dora Bossett, were stopped by a Missouri state trooper when their van weaved across the center- line. Noting that McCrosky and Bossett appeared nervous, the trooper requested permission to search the vehicle. McCrosky consented to the search, which revealed approximately six kilograms of cocaine. McCrosky and Bossett were arrested and informed the trooper that they were transporting the cocaine from Los Angeles to an individual in Cincinnati. They agreed to cooperate with the police in arranging a controlled delivery, which led to the individual's arrest.
 
 
 3
 Pursuant to a plea bargain, McCrosky agreed to cooperate with the government and to plead guilty to one count of conspiring to distribute cocaine, in violation of 21 U.S.C. Secs. 841(a)(1) and 846. The government agreed to move for a downward departure pursuant to U.S.S.G. Sec. 5K1.1 and 18 U.S.C. Sec. 3553(e).
 
 
 4
 When the government moved at sentencing for the departure, it acknowledged McCrosky's timely and risky cooperation but also noted his subsequent reluctance to continue his assistance. McCrosky's counsel urged several mitigating circumstances for the district court's consideration and asked the court to consider "a substantial downward departure," suggesting that probation would be appropriate. The court granted the government's substantial- assistance motion and departed from the 120-month statutory minimum sentence, sentencing McCrosky to 60 months imprisonment and five years of supervised release.
 
 
 5
 On appeal, McCrosky argues primarily that the district court erred in not imposing a sentence of probation, as it did for Bossett, who also received a downward departure. McCrosky cannot rely, however, upon Bossett's sentence " 'as a yardstick for his own.' " See United States v. Womack, 985 F.2d 395, 400 (8th Cir.) (quoted citation omitted), cert. denied sub nom. Carraway v. United States, 114 S. Ct. 276 (1993). Moreover, McCrosky's argument necessarily involves a challenge to the extent of the district court's departure, which is not reviewable "regardless of the district court's reasons" for not departing further. See United States v. Dutcher, 8 F.3d 11, 12 (8th Cir. 1993). We view McCrosky's related argument that the district court failed to state its reasons for the departure as an attempt to have us review the extent of the departure. See Womack, 985 F.2d at 401.
 
 
 6
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Russell G. Clark, Senior United States District Judge for the Western District of Missouri