### UNITED STATES of America, Plaintiff–Appellee,

v.

### Michael Eugene POPLAWSKI, Defendant–Appellant.

### No. 94–1985.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 13, 1994.

Decided Jan. 26, 1995.

T. Patrick Deaton, Springfield, MO (argued), for appellant.

Cynthia Jean Hyde, Springfield, MO (Stephen L. Hill, Jr. and Cynthia J. Hyde, appear on the brief), for appellee.

Before MAGILL, Circuit Judge, BRIGHT, Senior Circuit Judge, and LOKEN, Circuit Judge.

LOKEN, Circuit Judge.

Michael Eugene Poplawski pleaded guilty to conspiracy to manufacture and distribute methamphetamine. He appeals his seventy-month sentence, arguing that the district court[1] improperly denied an acceptance-of-responsibility reduction because of unrelated criminal conduct—continued drug use—while Poplawski was free on bond awaiting sentencing. Concluding that this is conduct related to his offense of conviction, we affirm.

In February 1993, Poplawski admitted that he had cooked methamphetamine, took police officers to an apartment where he stored supplies for this illegal activity, described his method of manufacture, and assisted in an undercover purchase. However, he did not reform. In August, police returned to Poplawski's house, received his consent to search, and discovered drug paraphernalia, a small quantity of methamphetamine, and supplies for methamphetamine manufacture. Poplawski was then indicted on three drug

---

1. The HONORABLE RUSSELL G. CLARK, Senior United States District Judge for the Western District of Missouri.

counts and eventually pleaded guilty to the conspiracy count in exchange for the government's agreement to recommend that he receive a three-level reduction for acceptance of responsibility. *See* U.S.S.G. § 3E1.1.

While released on bond, Poplawski tested positive for amphetamine in November 1993 and for amphetamine, methamphetamine, and marijuana in February 1994. After the second test, the court revoked his bond and ordered detention. The presentence report noted this illegal drug use while on bond and did not recommend a reduction for acceptance of responsibility. Poplawski objected, arguing that he had pleaded guilty and cooperated with law enforcement officers. The government recommended that he not receive an acceptance-of-responsibility reduction because he had manufactured, sold, and used methamphetamine while on bond awaiting sentencing. The district court denied the reduction on the ground that Poplawski had twice tested positive for drug use while released on bond. That ruling is the sole issue on appeal.

The Guidelines declare that one factor relevant to acceptance of responsibility is the defendant's "voluntary termination or withdrawal from criminal conduct or associations." U.S.S.G. § 3E1.1, comment. (n.1(b)). However, the Guidelines do not state whether the sentencing court may consider continuing, unrelated criminal conduct. Relying on *United States v. Morrison*, 983 F.2d 730, 733–35 (6th Cir.1993), Poplawski argues that his continued drug use was unrelated to his offense of conviction and therefore does not justify denial of an acceptance-of-responsibility reduction. On the other hand, the government urges us to reject *Morrison*, like the four circuits that have denied acceptance of responsibility for a financial crime based upon the defendant's unrelated drug use while free on bond awaiting sentencing. *See United States v. McDonald*, 22 F.3d 139, 142–44 (7th Cir.1994), and cases cited.

■ We need not resolve the unrelated conduct issue in this case. As *Morrison* itself recognized, continued use of a drug is related to the offense of conspiring to manufacture and distribute that drug. *See* 983 F.2d at 734. A defendant's related criminal conduct while free on bond awaiting disposition of the case may be considered in determining acceptance of responsibility. *See United States v. Wivell*, 893 F.2d 156, 159 (8th Cir.1990). We acknowledge that Poplawski's guilty plea and cooperation with law enforcement officers are evidence of acceptance of responsibility. But given the great deference we must accord the district court's determination of this issue, *see* § 3E1.1, comment. (n.5), we cannot conclude that its denial of the reduction was clearly erroneous, the standard of review in this circuit. *See United States v. Furlow*, 980 F.2d 476 (8th Cir.1992) (en banc), *cert. denied,* — U.S. —, 113 S.Ct. 2353, 124 L.Ed.2d 261 (1993).

The judgment of the district court is affirmed.