62 F.3d 1422
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Sergio Cendejas MARTINEZ, Appellant.
 No. 94-3601.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: Aug. 10, 1995.
Filed: Aug. 16, 1995,
 
 Before LOKEN, HANSEN, and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Sergio Martinez appeals the sentence imposed on him by the district court[1] following his guilty plea to possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2. For reversal, Martinez argues the district court erred in failing to grant him a four- level or greater reduction for his alleged minimal role in the offense. We affirm.
 
 
 2
 Martinez's presentence report (PSR) initially recommended a two-level reduction for being a minor participant in the offense. See U.S.S.G. Sec. 3B1.2(b). When Martinez objected, the probation officer amended the PSR to recommend a three-level reduction. See U.S.S.G. Sec. 3B1.2 (decrease three levels for cases falling between subsection (a) (four-level minimal-participant reduction) and subsection (b) (two-level minor-participant reduction)). The PSR calculated a total offense level of 30, after all adjustments; a Category III criminal history; and a Guidelines sentencing range of 121 to 151 months.
 
 
 3
 At sentencing, Martinez acknowleged that he had no objections to the PSR's factual content or Guidelines calculations, and agreed that the total offense level was 30. After the government moved for a downward departure based on Martinez's substantial assistance, the court sentenced him to 90 months imprisonment and five years supervised release. Martinez now argues that the court erroneously failed to find that he was a minimal participant, and to grant him a four-level or greater reduction.
 
 
 4
 The government correctly points out, however, that Martinez did not properly preserve his objection for appeal, because he agreed with the final recommended Guidelines computations. See United States v. Redlin, 983 F.2d 893, 896 (8th Cir.) (sentences may be attacked on grounds raised for first time on appeal in only exceptional cases), cert. denied, 114 S. Ct. 75 (1993). Moreover, we note that Martinez's claim is not reviewable: his sentence still represented a downward departure from the Guidelines sentencing range that would have resulted if he had received a four- rather than three-level reduction.[2] See United States v. Wyatt, 26 F.3d 863, 864 (8th Cir.1994) (per curiam); United States v. Dutcher, 8 F.3d 11, 12-13 (8th Cir.1993). Martinez's argument that he should have received a reduction greater than four levels amounts, we think, to an unreviewable challenge to the extent of the district court's departure. Cf. Dutcher, 8 F.3d at 12.
 
 
 5
 In any event, we would find no clear error in the district court's decision to award Martinez no more than a three-level reduction. See United States v. Rice, 49 F.3d 378, 383 (8th Cir.) (standard of review), cert. denied, 63 U.S.L.W. 3907 (U.S., June 26, 1995) (No. 94-9426). Although the record shows Martinez acted as a courier on only one trip in which drugs were transported, a large quantity of methamphetamine-4.4 pounds-was involved. See United States v. Garvey, 905 F.2d 1144, 1146 (8th Cir.1990) (per curiam) (participant status turns on culpability, not courier status; drug quantity is relevant factor in determining culpability). The record also shows Martinez had made a previous drug-related trip to Iowa with one of his codefendants to assist a third codefendant whose car had been towed while he was en route to Iowa. See U.S.S.G. Sec. 3B1.2, comment. (n.2) (minimal-participant reduction intended to be used infrequently).
 
 
 6
 Accordingly, we affirm.
 
 
 
 [1]
 The HONORABLE HAROLD D. VIETOR, United States District Judge for the Southern District of Iowa
 
 
 [2]
 A four-level reduction would have produced a total offense level of 29 and a Guidelines range of 108-135 months (adjusted to 120-135 months because of the mandatory minimum sentence)