_____

No. 96-1343
_____

United States of America,            *
                                      *
            Appellee,                 *    Appeal from the United States
                                      *    District Court for the
      v.                              *    Western District of Missouri.
                                      *        [UNPUBLISHED]
Beverly Day,                          *
                                      *
            Appellant.                *
_____

            Submitted:  June 6, 1996

               Filed:  June 11, 1996
_____

Before McMILLIAN, WOLLMAN, and HANSEN, Circuit Judges.
_____


PER CURIAM.


      Beverly Day pleaded guilty to possessing methamphetamine with intent
to distribute, and criminal forfeiture, in violation of 21 U.S.C.
§§ 841(a)(1) and 853.  On appeal, counsel has filed a brief pursuant to
Anders v. California, 386 U.S. 738 (1967), suggesting that the district
court erred by denying Day a three-level reduction for acceptance of
responsibility.  We affirm.


      Day's recommended Guidelines sentencing range was 78 to 97 months'
imprisonment.  At sentencing, the district court[1] granted the government's
downward-departure motion under U.S.S.G. § 5K1.1, p.s., and 18 U.S.C.
§ 3553(e), and sentencing Day to 30 months' imprisonment and three years'
supervised release.  Because Day's sentence represents a downward departure
from the Guidelines sentencing range that would result even if she were
granted the

_____

      [1]The Honorable Russell G. Clark, United States District Judge
for the Western District of Missouri.

acceptance-of-responsibility reduction, we conclude that her sentence is unreviewable.  See United States v. Baker, 64 F.3d 439, 441 (8th Cir. 1995); United States v. Wyatt, 26 F.3d 863, 864 (8th Cir. 1994) (per curiam).[2]

In accordance with Penson v. Ohio, 488 U.S. 75, 80 (1988), we have reviewed the record to look for any nonfrivolous issues and have found none.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[2]In any event, we note that Day's use of amphetamine and methamphetamine while on bond was a proper basis to deny the acceptance-of-responsibility reduction.  See United States v. Poplawski, 46 F.3d 42, 43 (8th Cir.), cert. denied, 115 S. Ct. 2261 (1995).

-2-