89 F.3d 842
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Beverly DAY, Appellant.
 No. 96-1343.
 United States Court of Appeals, Eighth Circuit.
 Submitted: June 6, 1996
Filed June 11, 1996.
 
 Before McMILLIAN, WOLLMAN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Beverly Day pleaded guilty to possessing methamphetamine with intent to distribute, and criminal forfeiture, in violation of 21 U.S.C. §§ 841(a)(1) and 853. On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), suggesting that the district court erred by denying Day a three-level reduction for acceptance of responsibility. We affirm.
 
 
 2
 Day's recommended Guidelines sentencing range was 78 to 97 months' imprisonment. At sentencing, the district court[1] granted the government's downward-departure motion under U.S.S.G. § 5K1.1, p.s., and 18 U.S.C. § 3553(e), and sentencing Day to 30 months' imprisonment and three years' supervised release. Because Day's sentence represents a downward departure from the Guidelines sentencing range that would result even if she were granted the acceptance-of-responsibility reduction, we conclude that her sentence is unreviewable. See United States v. Baker, 64 F.3d 439, 441 (8th Cir.1995); United States v. Wyatt, 26 F.3d 863, 864 (8th Cir.1994) (per curiam).[2]
 
 
 3
 In accordance with Penson v. Ohio, 488 U.S. 75, 80 (1988), we have reviewed the record to look for any nonfrivolous issues and have found none.
 
 
 4
 The judgment is affirmed.
 
 
 
 [1]
 The Honorable Russell G. Clark, United States District Judge for the Western District of Missouri
 
 
 [2]
 In any event, we note that Day's use of amphetamine and methamphetamine while on bond was a proper basis to deny the acceptance-of-responsibility reduction. See United States v. Poplawski, 46 F.3d 42, 43 (8th Cir.), cert. denied, 115 S.Ct. 2261 (1995)