# United States Court of Appeals

**FOR THE EIGHTH CIRCUIT**

_____

No. 96-3634

_____

United States of America,         *
         *
         Appellee,       *
         *
    v.          *  Appeal from the United States
         *  District Court for the
Roy Edward Duckett,       *  Eastern District of Arkansas.
aka Leroy Edward Duckett,   *
         *     [UNPUBLISHED]
         Appellant.     *

_____

Submitted: April 1, 1997

Filed: April 7, 1997

_____

Before BOWMAN, WOLLMAN, and BEAM, Circuit Judges.

_____

PER CURIAM.

Leroy Edward Duckett appeals the district court's[1] denial of his motion to dismiss for a violation of the Speedy Trial Act, 18 U.S.C. § 3161, and from the sentence imposed following his guilty plea to possessing a forged security, in violation of 18 U.S.C. § 513(a). We conclude that Duckett waived his speedy-trial claim, and affirm his sentence.

After the district court rescheduled the joint trial of Duckett and his co-defendant for April 22, 1996, Duckett moved to

_____

[1]The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

dismiss, arguing that he had suffered a violation under the Speedy Trial Act. The district court denied the motion, and Duckett later pleaded guilty. There is no indication in the record before us that Duckett entered into a conditional guilty plea, preserving his right to appeal the speedy-trial issue. See Fed. R. Crim. P. 11(a)(2). We therefore conclude that Duckett waived his right to appeal the issue. See Unites States v. Vaughan, 13 F.3d 1186, 1187-88 (8th Cir.), cert. denied, 511 U.S. 1094 (1994); United States v. Cox, 985 F.2d 427, 433 (8th Cir. 1993); United States v. Gines, 964 F.2d 972, 977 (10th Cir. 1992), cert. denied, 506 U.S. 1069 (1993).

Duckett also challenges the district court's refusal to grant him an acceptance-of-responsibility reduction. We conclude that the district court did not clearly err in denying the adjustment. See United States v. Campos, 87 F.3d 261, 264 (8th Cir.) (standard of review), cert. denied, 117 S. Ct. 539 (1996). Although Duckett pleaded guilty to the instant offense, he subsequently engaged in additional criminal conduct--misrepresenting a social security number. See United States Sentencing Guidelines Manual § 3E1.1, comment. (n.3) (1995); United States v. Byrd, 76 F.3d 194, 196-97 (8th Cir. 1996); United States v. Poplawski, 46 F.3d 42, 43 (8th Cir.), cert. denied, 115 S. Ct. 2261 (1995).

Accordingly, we affirm.

A true copy.

        Attest:

            CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.