**United States Court of Appeals**

**FOR THE EIGHTH CIRCUIT**

_____

No. 97-1734

_____

United States of America,      *
                                *
          Appellee,             *
                                *      Appeal from the United
States
     v.                         *
District Court for the
                                *
Western District of Arkansas
Charles Victor Cole,            *
                                *      {TO BE PUBLISHED}
          Appellant.            *

_____

                    Submitted:   August 20, 1997
                         Filed:   September
22, 1997

_____

Before McMILLIAN, BEAM, and MORRIS SHEPPARD ARNOLD,
Circuit Judges.

_____

PER CURIAM.

     In 1996, authorities seized an operational
methamphetamine laboratory--including glassware,
ephedrine, pseudoephedrine, and manufacturing
paraphernalia--from the residence of Charles Victor Cole;
they also seized some actual methamphetamine in liquid
and powder form.  Cole later pleaded guilty to one count
of manufacturing methamphetamine, in violation of 21
U.S.C. § 841(a)(1), and the district court sentenced him
to 151 months imprisonment and 3 years supervised

release.  Cole appeals his sentence, arguing that the district court erred in calculating the amount of methamphetamine that could be produced from the seized chemicals and glassware, because the court used a "theoretical" ratio of 1 gram of ephedrine to .75

of a gram of methamphetamine rather than Cole's lower calculation, to which he testified at sentencing. Cole also argues that the court erred in denying him an acceptance-of-responsibility adjustment. We affirm the denial of the acceptance-of-responsibility adjustment, as it is undisputed that Cole repeatedly tested positive for methamphetamine while he was released on bond following his arrest for manufacturing methamphetamine. See U.S. Sentencing Guidelines Manual § 3E1.1, comment. (n.3) (1995); United States v. Campos, 87 F.3d 261, 264 (8th Cir.), cert. denied, 117 S. Ct. 536 (1996) (standard of review); United States v. Poplawski, 46 F.3d 42, 43 (8th Cir.) (defendant's related criminal conduct while free on bond awaiting disposition of case may be considered in determining acceptance of responsibility), cert. denied, 515 U.S. 1109 (1995). Nevertheless, we vacate Cole's sentence and remand for further application of the Sentencing Guidelines as to drug quantity.

At sentencing, Cole testified that, although he had been cooking methamphetamine for 4 to 5 years, he had never yielded .75 of a gram from 1 gram of ephedrine, and that he usually yielded .25 of a gram. The chemist who analyzed Cole's laboratory testified that the .75 figure was an average based upon yields seen in the field; a certified lab investigator testified that he believed the .75 figure was appropriate in this case based on Cole's experience as a cook, the seized evidence, and information others had given regarding the quantity of methamphetamine Cole was dealing. In denying Cole's objection to the drug quantity recommended in the presentence report, the court determined the testimony of the lab investigator and the chemist established that a

"mean" yield was .75, and found irrelevant Cole's assertion that he never reached the .75 average, concluding the pertinent question was "what could be done at a laboratory, not what he, in fact, did."

Because the amount of methamphetamine seized in this case did not reflect the scale of Cole's offense, the district court was required to approximate the quantity of the controlled substance, considering the size and capability of Cole's laboratory. See U.S. Sentencing Guidelines Manual § 2D1.1, comment. (n.12) (1995). Although the

district court could have found Cole's testimony on methamphetamine yield not credible, the court did not make such a finding. Rather, the district court found Cole's testimony irrelevant, erroneously turning the inquiry into what an average cook was capable of yielding, not what Cole could have produced based on the seized chemicals. In doing so, the district court committed error, and we therefore remand this matter so that the court may apply the correct legal standard in evaluating Cole's testimony and determining drug quantity.

BEAM, Circuit Judge, concurring in part and dissenting in part.

I concur in the court's opinion as to the acceptance-of-responsibility issue, but I dissent from the court's conclusion that the district court committed legal error by stating Cole's testimony was irrelevant. I believe that the district court's statement, taken in the context of the court's discourse at sentencing, simply evinced its belief that the government witnesses' testimony as to what Cole could produce was more credible than Cole's testimony on that point. In my view, the court then relied on the credited testimony in approximating drug quantity, as directed by the applicable commentary. See U.S. Sentencing Guidelines Manual § 2D1.1, comment. (n.12) (1995); see United States v. Adipietro, 983 F.2d 1468, 1472 (8th Cir. 1993) (determinations concerning witness credibility are virtually unreviewable on appeal).

A true copy.

Attest:

-5-

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.