# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1662

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota. |
| Samson Jegede, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted:  August 28, 1998
Filed:  August 31, 1998

_____

Before BOWMAN, Chief Judge, McMILLIAN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Samson Jegede pleaded guilty to conspiring to distribute and to possess with the intent to distribute cocaine, cocaine base, and methamphetamine, in violation of 21 U.S.C. § 846 (1994), and to knowingly conducting a series of financial transactions designed to avoid reporting requirements, knowing the money represented proceeds of illegal drug sales, in violation 18 U.S.C. § 1956(a)(1)(B)(ii) (1994).  The District Court[1] granted the government's motion for a downward departure under U.S. Sentencing

_____

[1]The Honorable John R. Tunheim, United States District Judge for the District of Minnesota.

Guidelines Manual § 5K1.1 (1995) and 18 U.S.C. § 3553(e) (1994) based on Jegede's substantial assistance, and sentenced Jegede to 110 months imprisonment and five years supervised release. This appeal followed. After appellate counsel moved to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967), we granted Jegede permission to file a pro se supplemental brief, and he has done so. We now grant counsel's motion to withdraw and affirm.

Jegede first argues that the Court erred in attributing a quantity of methamphetamine to him and in not making a finding that certain alleged crack cocaine was in fact the "crack" form of cocaine. Because Jegede did not raise these arguments below, we review only for plain error, see Fed. R. Crim. P. 52(b); United States v. Montanye, 996 F.2d 190, 192 (8th Cir. 1993) (en banc), and we find no such error here. Jegede failed to object to any factual matter in the presentence report (PSR), which described the various drugs involved in the offense including 13.5 ounces of "crack cocaine." See United States v. LaRoche, 83 F.3d 958, 959 (8th Cir. 1996) (per curiam) (district court may accept as true all factual allegations contained in PSR that are not specifically objected to by parties). The Court also did not plainly err in attributing all of the amounts in question to Jegede either as drugs with which he was directly involved, or those that were reasonably foreseeable to him as part of the charged conspiracy. See U.S. Sentencing Guidelines Manual § 1B1.3(a)(1)(A) & (B) (1995).

Jegede also argues that the Court erred in increasing his base offense level by three levels under U.S. Sentencing Guidelines Manual § 3B1.1(b) (1995), without which he would have been entitled to a two-level reduction under U.S. Sentencing Guidelines Manual § 2D1.1(b)(4) (1995). Given our conclusion that the District Court did not err in calculating Jegede's base offense level, we do not review this additional argument because Jegede's 110-month sentence would still be below the applicable guidelines range even if he were to prevail on this challenge. See United States v. Wyatt, 26 F.3d 863, 864 (8th Cir. 1994) (per curiam) (where defendant received

downward-departure sentence, claims of error based on weapon enhancement and denial of minor-participant reduction were not reviewable as sentence still represented downward departure from range that would result if defendant had prevailed on both points); United States v. Dutcher, 8 F.3d 11, 12 (8th Cir. 1993).

We also believe that Jegede's ineffective-assistance claim, as well as his conflict-of-interest argument relating to his original attorney, would be more appropriately addressed in a 28 U.S.C. § 2255 (Supp. II 1996) proceeding where a record can be fully developed. See United States v. Mitchell, 136 F.3d 1192, 1193 (8th Cir. 1998).

Upon review of the record in accordance with Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, the judgment is affirmed. The motion of Jegede's appellate counsel to withdraw is granted.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-