# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-1983

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Arkansas |
| Charles Victor Cole, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted:  August 4, 1998

Filed:  September 15, 1998

_____

Before McMILLIAN, RICHARD S. ARNOLD, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Charles Victor Cole appeals from the final judgment entered in the District Court for the Western District of Arkansas following resentencing after Cole pleaded guilty to manufacturing methamphetamine, in violation of 21 U.S.C. § 841(a)(1).  In 1996, authorities seized an operational methamphetamine laboratory, including precursor chemicals, and actual methamphetamine from Cole's residence.  Based on the seized chemicals and drugs, the presentence report calculated a total of 177.66 grams of actual methamphetamine.  Cole challenged this calculation, but the district court overruled his

objection. On appeal we remanded upon concluding that the district court had erroneously determined drug quantity based on what an average cook could yield from the seized chemicals rather than what Cole could have produced. See United States v. Cole, 125 F.3d 654, 655 (8th Cir. 1997) (per curiam). On remand, the district court sentenced Cole to 151 months imprisonment and three years supervised release. For reversal, Cole again argues that the district court's drug-quantity determination was incorrect. For the reasons discussed below, we affirm the judgment of the district court.

At resentencing, the parties agreed to proceed on the testimony presented at the first sentencing. The testimony is recounted in our prior opinion, and we will not repeat it here except to note that government witnesses testified 1 gram of the seized precursor chemical would yield .75 of a gram of methamphetamine given the seized evidence and Cole's experience as a methamphetamine cook, while Cole testified that he had never yielded such an amount. The district court credited the government's evidence, found Cole's testimony to be not credible, and reaffirmed its prior drug-quantity calculation.

We conclude that the district court did not clearly err in calculating the drug quantity. See United States v. Adipietro, 983 F.2d 1468, 1472 (8th Cir. 1993) (standard of review). Despite Cole's argument that the district court again based its calculation on a theoretical figure, the record demonstrates the government's evidence regarding the yield was not theoretical, but was based on Cole's experience as a cook, the seized precursor chemicals, and Cole's laboratory, and the court simply discredited Cole's contrary testimony. See U.S. Sentencing Guidelines Manual § 2D1.1, comment. (n.12) (1997) ( "[w]here there is no drug seizure or the amount seized does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance"); Adipietro, 983 F.2d at 1472 (findings as to credibility of witness in making drug quantity determination virtually unassailable on appeal).

Accordingly, the judgment is affirmed.

A true copy.

Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.