# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-1881

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Andrea L. Arps, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: November 5, 1999
Filed: December 3, 1999

_____

Before McMILLIAN, RICHARD S. ARNOLD, and HANSEN, Circuit Judges.

_____

PER CURIAM.

Andrea Arps pleaded guilty to one count of conspiring to distribute and possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and 18 U.S.C. § 2. After granting Arps's motion to compel the government to file a substantial-assistance downward-departure motion under U.S. Sentencing Guidelines Manual § 5K1.1, p.s. (1997), the district court[1] sentenced Arps to 156 months imprisonment and 5 years supervised release. On appeal, Arps argues that his guilty

_____

[1]The Honorable Richard G. Kopf, Chief Judge, United States District Court for the District of Nebraska.

plea was involuntary because the government had promised that he would receive the statutory minimum sentence and that his trial counsel rendered ineffective assistance by promising that he would receive the statutory minimum sentence. Arps also contends that the district court erred in failing to depart further from the Guidelines and grossly abused its discretion in sentencing him to 156 months imprisonment.

We conclude that Arps's argument regarding the voluntariness of his guilty plea is not reviewable because he did not present it to the district court, see United States v. Murphy, 899 F.2d 714, 716 (8th Cir. 1990); that his ineffective assistance claim should be raised in a habeas proceeding, see United States v. Martin, 59 F.3d 767, 771 (8th Cir. 1995); that his challenge to the extent of the court's downward departure is also not reviewable, see United States v. Dutcher, 8 F.3d 11, 12 (8th Cir. 1993); and that we lack jurisdiction to review Arps's contention that the court grossly abused its discretion in imposing a 156 month sentence, see 18 U.S.C. § 3742(a).

Accordingly, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.