# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2254

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Anthony R. West, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted:  April 5, 2002

Filed:  April 11, 2002

_____

Before WOLLMAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Anthony West appeals his conviction, upon his guilty plea, for conspiracy to distribute 5 kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and 846.  The district court[1] departed downward and sentenced him to 120 months in prison and 5 years of supervised release.  West's counsel was granted leave to withdraw after West indicated he wished to proceed pro se, and West raises several claims on appeal.

_____

[1]The Honorable Howard F. Sachs, United States District Judge for the Western District of Missouri.

We conclude that West's appeal is meritless. His involuntary-plea claims are not properly before us because he did not move to withdraw his guilty plea in the district court. See United States v. Murphy, 899 F.2d 714, 716 (8th Cir. 1990). Also, West waived his claim that he should not have been sentenced as a career offender when he conceded the issue in the district court, see United States v. Gutierrez, 130 F.3d 330, 332 (8th Cir. 1997), and in any event, because of the downward departure he was sentenced below the range that would have applied without the career-offender enhancement, see United States v. Wyatt, 26 F.3d 863, 864 (8th Cir. 1994) (per curiam). West also waived his constitutional challenge to section 841 by failing to raise it in the district court, see United States v. Baker, 98 F.3d 330, 337-38 (8th Cir. 1996), cert. denied, 520 U.S. 1179 (1997), and his ineffective-assistance claim is not properly presented in this proceeding, see United States v. Cain, 134 F.3d 1345, 1352 (8th Cir. 1998). Further, the district court did not have the authority to run his sentence concurrent with any revocation sentence the Parole Commission may impose on a prior federal conviction for which he had been paroled at the time he committed the instant offense, see U.S.S.G. § 5G1.3, comment. (n.6); United States v. Murphy, 69 F.3d 237, 245 (8th Cir. 1995), cert. denied, 516 U.S. 1153 (1996).

As to West's remaining arguments, he did not raise the issues in the district court, and thus may not raise them on appeal absent plain error. See United States v. Eads, 144 F.3d 1151, 1154 (8th Cir. 1998). We find no error, plain or otherwise: the government did not breach the plea agreement, and the district court quite clearly ruled on the motion for a downward departure after listening to the parties' arguments for departure.

Accordingly, we affirm the sentence. We deny the government's motion to dismiss the appeal.

A true copy.

Attest:

       CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.