# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1594

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Michelle S. Thacker, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: July 16, 2002
Filed: July 23, 2002

_____

Before WOLLMAN, MORRIS SHEPPARD ARNOLD, and MELLOY, Circuit
Judges.

_____

PER CURIAM.

Michelle Thacker pleaded guilty to conspiring to distribute and to possess with intent to distribute a mixture or substance containing 500 grams or more of methamphetamine, in violation of 21 U.S.C. § 846. The district court[1] departed from the 120-121-month Guidelines range, based on the government's substantial-assistance motion, and sentenced Thacker to 60 months imprisonment and 5 years supervised release. On appeal, Thacker argues that the district court erred in

_____

[1]The Honorable Richard G. Kopf, Chief Judge, United States District Court for the District of Nebraska.

assessing a criminal history point for her prior Nebraska sentence (a $100 fine) for possession of less than one ounce of marijuana, because it was relevant conduct and because it was excludable under U.S.S.G. § 4A1.2(c).

Thacker's arguments are unreviewable. Her 60-month sentence is still a downward departure from the 87-108-month Guidelines range that would have resulted if she had prevailed on her arguments (assuming Thacker also could have shown her eligibility for safety-valve relief under U.S.S.G. § 5C1.2). See United States v. Wyatt, 26 F.3d 863, 864 (8th Cir. 1994) (per curiam). Even if the arguments were reviewable, we would not conclude that the district court erred in refusing to find that the marijuana possession was relevant conduct. See United States v. Davidson, 195 F.3d 402, 409 (8th Cir. 1999), cert. denied, 528 U.S. 1180 (2000). Further, Thacker's reliance on section 4A1.2(c) is foreclosed by our opinion in United States v. Jenkins, 989 F.2d 979-80 (8th Cir. 1993), which only this court sitting en banc may overrule. See United States v. Goldman, 228 F.3d 942, 944 (8th Cir. 2000), cert. denied, 531 U.S. 1175 (2001).

Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.