# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

————————

No. 03-1163

————————

United States of America,　　　　　*
　　　　　　　　　　　　　　　　　*
　　　　　　　　Appellee,　　　　　*
　　　　　　　　　　　　　　　　　*　Appeal from the United States
　　　v.　　　　　　　　　　　　　*　District Court for the
　　　　　　　　　　　　　　　　　*　Northern District of Iowa.
Steve Euans,　　　　　　　　　　　*　　　[UNPUBLISHED]
　　　　　　　　　　　　　　　　　*
　　　　　　　　Appellant.　　　　　*

————————

Submitted:　June 6, 2003

Filed:　June 19, 2003

————————

Before LOKEN, Chief Judge, BOWMAN, and WOLLMAN, Circuit Judges.

————————

PER CURIAM.

Steve Euans pleaded guilty to conspiring to manufacture, distribute, and possess with intent to distribute 50 grams or more of actual methamphetamine, and to possess pseudoephedrine or ephedrine pills, intending and having reasonable cause to believe that the chemical would be used to manufacture methamphetamine, in violation of 21 U.S.C. § 846. At sentencing, after acknowledging that the parties had stipulated to and the presentence report (PSR) recommended a 2-level role

enhancement under U.S.S.G. § 3B1.1(c), the district court[1] instead imposed a 3-level enhancement under U.S.S.G. § 3B1.1(b), explaining that there were five or more participants in the criminal activity. Granting the government's motion for a small substantial-assistance departure, the court sentenced Euans to 200 months imprisonment and 5 years' supervised release. On appeal, Euans's counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967), and Euans has filed a pro se supplemental brief, arguing that the district court should not have applied the role enhancement, that he should have been granted a larger departure, and that his sentence was disproportionate to the sentences of his co-conspirators.

Euans may not challenge the applicability of a 2-level role increase under section 3B1.1(c) because he specifically stipulated to it in his plea agreement, see United States v. Nguyen, 46 F.3d 781, 783 (8th Cir. 1995); and the district court did not plainly err in sua sponte imposing a further 1-level increase under section 3B1.1(b) based upon the involvement of five or more participants, as there is no dispute that five or more participants were actually involved in the conspiracy, and the timely received PSR afforded sufficient notice of the enhancement to satisfy due process, see United States v. Kamerud, 326 F.3d 1008, 1013 (8th Cir. 2003) (standard of review); United States v. Adipietro, 983 F.2d 1468, 1473-74 (8th Cir. 1993) (affirming sua sponte 3-level enhancement under § 3B1.1(b)). The extent of the substantial-assistance departure is unreviewable, see United States v. Dutcher, 8 F.3d 11, 12 (8th Cir. 1993), and Euans may not rely on the sentences of his co-conspirators as a "yardstick" for his own, see United States v. Thompson, 51 F.3d 122, 126 (8th Cir. 1995).

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

We have further reviewed the record independently under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), and have found no nonfrivolous issues.  Accordingly, the judgment is affirmed.  We now grant counsel's motion to withdraw.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.