# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-4079

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Nebraska. |
| Salvadore Davila-Marin, also known as | * | [UNPUBLISHED] |
| Ricardo Diaz, also known as Ricardo | * | |
| Diaz-Martinez, also known as Salvador | * | |
| Julian Davila-Marin, also known as | * | |
| Salvador Davila, also known as Julian | * | |
| Salvador, also known as Julian Davila- | * | |
| Salvador, also known as Salvador | * | |
| Davila Marin, also known as Julian | * | |
| Davila Salvador, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: July 2, 2003
Filed: July 18, 2003

_____

Before WOLLMAN, BYE, and MELLOY, Circuit Judges.

_____

PER CURIAM.

In this direct criminal appeal, Salvadore Davila-Marin challenges the sentence the district court[1] imposed after he pleaded guilty to illegally re-entering the United States after deportation, following a conviction for an aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(2). Finding that the Guidelines calculations overrepresented his criminal history, the district court granted Davila-Marin's motion for a downward departure, reducing his criminal history from Category IV to Category III. The court overruled Davila-Marin's motion to reduce his offense level, however, and sentenced him to 30 months of imprisonment and 3 years of supervised release. On appeal, Davila-Marin's counsel has moved to withdraw under Anders v. California, 386 U.S. 738 (1967), arguing that the district court erred in calculating his criminal history, by departing only one criminal history category, and by not departing to a lower offense level.

We conclude that the district court's discretionary decisions not to further reduce Davila-Marin's criminal history category and not to grant a downward departure from his offense level are both unreviewable. See United States v. Darden, 70 F.3d 1507, 1549 (8th Cir. 1995) (court's discretionary decision not to depart is unreviewable if court is aware of its authority to depart), cert. denied, 517 U.S. 1149, and cert. denied, 518 U.S. 1026 (1996); United States v. Dutcher, 8 F.3d 11, 12 (8th Cir. 1993) (extent of downward departure is unreviewable, regardless of reasons for refraining from departing further). As to counsel's argument concerning the criminal history points, assuming that the matter is reviewable, we conclude that the district court did not clearly err in assigning 2 criminal history points for Davila-Marin's 70-day sentence for driving while intoxicated, even if he actually served less than 30 days on that sentence. See U.S.S.G. §§ 4A1.1(b) (2 criminal history points are assigned for each prior sentence of at least 60 days), 4A1.2, comment. (n.2) (criminal history points are based on sentence imposed, not length of time actually served);

_____

[1]The Honorable Joseph F. Battaillon, United States District Judge for the District of Nebraska.

United States v. Lopez-Arce, 267 F.3d 775, 782-83 (8th Cir. 2001) (standard of review).

Following careful review of the record, we find no other nonfrivolous issues. See Penson v. Ohio, 488 U.S. 75, 80 (1988). Accordingly, the judgment is affirmed. We also grant counsel's motion to withdraw.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.