# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3120

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Eastern |
| | * | District of Missouri. |
| Alejandro Camacho-Lopez, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted: May 4, 2004

Filed: May 6, 2004

_____

Before MELLOY, HANSEN, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Alejandro Camacho-Lopez (Camacho) appeals the sentence imposed by the district court[1] after he pleaded guilty to an immigration offense. His counsel has moved to withdraw and filed a brief under Anders v. California, 386 U.S. 738 (1967). Camacho has filed a pro se supplemental brief.

_____

[1]The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri.

Camacho pleaded guilty to entering the United States after having been previously deported following an aggravated felony conviction, namely a 1992 state aggravated-assault conviction, in violation of 8 U.S.C. § 1326(a), (b)(2). The district court granted Camacho's motion for downward departure based on his overstated criminal history, and reduced his criminal history category from III to II. The court sentenced Camacho to 41 months imprisonment and 3 years supervised release.

In the <u>Anders</u> brief, counsel suggests the district court erred by not departing further. This issue is unreviewable. <u>See</u> <u>United States v. Dutcher</u>, 8 F.3d 11, 12 (8th Cir. 1993) (extent of district court's downward departure is unreviewable on appeal, regardless of court's reasons for refraining from departing further). In his pro se submissions, Camacho argues that both his counsel in the instant proceedings and the attorney who represented him on the state aggravated-assault charge were ineffective. The claim as to current counsel is more appropriately raised in 28 U.S.C. § 2255 proceedings, <u>see</u> <u>United States v. Martin</u>, 59 F.3d 767, 771 (8th Cir. 1995), and Camacho cannot collaterally attack his prior state conviction in proceedings for the instant offense, <u>see</u> U.S.S.G. § 4A1.2, comment. (n.6) (Guidelines do not confer upon defendant any right to attack collaterally prior conviction or sentence beyond any such rights otherwise recognized in law).

Having reviewed the record independently pursuant to <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues. Accordingly, we affirm, and we grant counsel's motion to withdraw.

_____